UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 05-30054MAP |
| vs. ) | |
| ) | |
| JOHN BOITEAU ) | |

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT TO SUPPRESS EVIDENCE

### INTRODUCTION

On October 20, 2004 agents for the government executed a search warrant issued by this Court on or about October 19, 2004, authorizing them to search the premises at 92 Bowles Park, Springfield, Massachusetts. It was alleged in the affidavit of Postal Inspector Richard Irvine that evidence of child pornography was to be at that location. The search was conducted and a number of images, documents and data were seized from the defendant's computer system or systems. By way of this Motion to Suppress, Defendant John Boiteau, has asserted that the search and seizure of both his home and computer was illegal and unreasonable and violated rights secured to him by the United States Constitution.

### STANDING

The defendant has standing to object to the search conducted at his residence at 92 Bowles Park, Springfield, MA. It is well established that a defendant may assert a reasonable expectation of privacy in his or her home, even if shared with other, in this

1

case his elderly mother. United States v. Mancini, 8 Fed. 3rd 104 (1st Cir. 1993), citing Mancusi v. DeForte. 392 U.S. 364 (1968).

Defendant Boiteau asserts he had a reasonable expectation of privacy in all of the documents, files, records, computer files, and videos located at 92 Bowles Park, Springfield, MA. and that he therefore has standing to object to the legality of the searches and seizures conducted therein.

### AGENTS IRVINE'S AFFIDAVITS DO NOT ESTABLISH PROBABLE CAUSE TO BELIEVE THAT THE ITEMS SOUGHT ARE CONNECTED TO ANY CRIMINAL ACTIVITY

The application for a search warrant and any affidavit in support thereof must establish more than bare suspicion that any offense has been or is being committed. Brinegar v. United States, 338 U.S. 160, 175 (1949); U.S. v. Khounsavanh, 113 Fed. 3rd 279, 283 (1st Cir. 1997) and United States v. Schaefer, 87 F 3rd 562, 565 (1st Cir. 1996). Agent Irvine's affidavit does not establish probable cause to believe that the computer hard drives, data and files, and other computer files and records located at the Defendant's residence was criminal. Although the affidavit does set forth information pertaining to an undercover "sting" operation designed to have Mr. Boiteau order and receive materials from undercover government agents, (specifically two videotapes that contained child pornography) (See Para. 19 through 27 of Inspector Irvine's Affidavit for Search Warrant), otherwise the affidavit cites numerous examples or practices generally used by others that trade in child pornography, but not specifically as it pertains to the Defendant. (See paragraphs 8 through 15).

The Fourth Amendment provides that "no warrants shall issue, but upon

probable cause, supported by oath or affirmation . . . ." This requires the judicial officer contemplating the issuance of a warrant to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983); United States v. Keene, 341 F.3d 78, 81 (1st Cir. 2003). In considering an affidavit made in support of a search warrant, a judicial officer may draw reasonable inferences from the facts alleged. United States v. Falon, 959 F.2d 1143, 1147 (1st Cir. 1992); United States v. Hershenow, 680 F.2d 847, 851 (1st Cir. 1982). Nevertheless, an affiant's "unsupported conclusions are not entitled to any weight in the probable cause determination." United States v. Vigeant, 176 F.3d 565, 571 (1st Cir. 1999).

In child pornography cases, where the existence of criminal conduct often depends solely on the nature of pictures, the judicial determination of probable cause is especially important. United States v. Brunette, 256 F.3d 14, 18 (1st Cir. 2001); Hernandez, 183 F. Supp. 2d at 475. A search warrant may issue only where there is probable cause to believe that a given image falls within the statutory definition of child pornography. Brunette, 256 F.3d at 18; Hernandez, 183 F. Supp. 2d at 474-75. A bare legal assertion, absent any descriptive support and without an independent review of the images, is insufficient to sustain a finding of probable cause. Brunette, 256 F.3d at 17, (holding that warrant was issued without probable cause where affiant did not give detailed factual description of images and magistrate did not independently review the images).

In United States v. Brunette, 256 F.3d 14 (1st Cir. 2001), the First Circuit

3

concluded that an agent's statement that the images the defendant had allegedly posted on a website contained a minor lasciviously displaying his genitals amounted to "a bare legal assertion ... insufficient to sustain the magistrate judge's determination of probable cause." Brunette, 256 F.3d. at 17. The court reasoned that classifying the display of genitalia in a particular image as "lascivious" and therefore pornographic within the meaning of 18 U.S.C. § 2256(2)(E) involves "inherent subjectivity." Id. at 18. Accordingly, the court found error in the issuance of the warrant "absent an independent review of the images, or at least some assessment based on a reasonably specific description." Id. at 19. Mr. Boiteau contends that Inspector Irvine's descriptions of the materials allegedly found on the internet and which forms the basis for seizing and searching his computers lack the level of specificity which Brunette demands.

Even when considering the standard that in order to establish probable cause, the facts presented to the magistrate need only "warrant a man of reasonable caution" to believe that evidence of a crime will be found, Texas v. Brown, 460 U.S. 730, 742, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983), the affidavit in this case contains insufficient information as to how computers, and specifically, Mr. Boiteau's computers, were used to transmit and collect child pornography, enhancing the probability that such pornography would be recovered by searching the defendant's computer equipment.

One could conclude from the affidavit that the seizure and subsequent off-premises search of the computer and all available disks was not established by probable cause. A sufficient chance of finding some needles in the computer haystack was not established by the probable-cause showing in the warrant application.

Inspector Irvine's affidavit expressed his conclusions that the internet access the defendant purchased on two occasions, in May 2003 and June 2003, contained pornographic images, he never describes the images in detail that led Inspector Irvine to believe the computer contained images of child pornography.

There was no justification for allowing the seizure of all computer equipment, a category potentially including equipment that contained no images and had no connection to the crime. Careful reading of the affidavit leads to the conclusion that in issuing the warrant authorizing the search of the computer this Court was left to rely on mere conclusions that the internet sites visited by the defendant contained child pornography. Brunette, 256 F.3d at 18-19. The affiant never described the images which allegedly were child pornography sites on the internet, and which would form the basis to establish probable cause to search the defendant's computer.

A warrant application must demonstrate probable cause to believe that (1) a crime has been committed--the "commission" element, and (2) enumerated evidence of the offense will be found at the place to be searched-- the so-called "nexus" element. United States v. Zayas-Diaz, 95 F.3d 105, 111-112 (1st Cir. 1996). It is the "commission" element that rises to a level of concern in this case. The facts may rise to a level to make one suspicious that at least illicit, if not illegal conduct, may be afoot, but the notion that a search of the defendant's computer would produce materials that meet the statutory definition of "sexually explicit" is supported mainly by informed speculation. There is no established evidence of visits to websites known for their sexually explicit depictions creating the fair probability that such material will be stored on the suspect computer. The investigation never progressed to the stage where the Postal Inspectors

sought or obtained information from Mr. Boiteau's Internet Service Provider (ISP) that might have produced evidence indicative of the actual materials Mr. Boiteau had on his computer.

Because the identification of images as lascivious is a subjective determination, that assessment should be made by a judge, not an agent. Brunette, 256 F.3d at 18. "A judge cannot ordinarily make this determination without either a look at the allegedly pornographic images, or at least an assessment based on a detailed, factual description of them." Brunette, 256 F.3d at 18.

The Affidavit is full of conclusions of the affiant. An issuing magistrate cannot rely on the "bare conclusions of others". Illinois v. Gates, 462 U.S. 213, 239 (1983); Giordenello v. U.S, 357 U.S. 480, 486 (1958).

## PARTICULARITY

The warrant allows the officers to seize just about every kind of record, computer file, software and hardware, disks CD-ROMS, and data at the locations and amounts to a "general warrant" which the Constitution prohibits. As set forth in the previous section the Affidavit does not establish the probability of criminal activity associated with the computers and their hard drives and other dater and files. The manifest purpose of the particularity requirement of the Fourth Amendment is to prevent wide ranging general searches by the police. Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971); U.S. v. Pervaz, 118 F3d 1, 9, (1st Cir. 1997); U.S. v. Lacey, 119 F3d 742, 746-747 (1st Cir. 1997).

The question whether a warrant is sufficiently "particular" has been much litigated in this Circuit. The root is the Fourth Amendment's direction that a warrant describe "particularly" the place to be searched and "the persons or things to be seized." U.S. Const. amend IV. The requirement of particularity arises out of a hostility to the Crown's practice of issuing "general warrants" taken to authorize the wholesale rummaging through a person's property in search of contraband or evidence. Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971).

The cases on "particularity" are actually concerned with at least two rather different problems: one is whether the warrant supplies enough information to guide and control the agent's judgment in selecting what to take, United States v. Abrams, 615 F.2d 541, 545-46 (1st Cir. 1980), and the other is whether the category as specified is too broad in the sense that it includes items that should not be seized.

The first paragraph of Attachment A to the Warrant allowed the seizure of computer equipment, which can only be described as generic, imprecise, and was arguably unconstitutionally overbroad. Mr. Boiteau claims that the warrant was not "particular" enough, and allowed for a general search. This was a wide-ranging general search authorized in circumstances where no probable cause that a crime was being committed was established.

The Affidavits do not sufficiently establish that evidence of crimes will be found, and the affiant has only presented mere conclusionary statements as to the use of computers and the capacity of computers.

In addition, the information relied upon by the affiant is not timely. The statements relied upon for corroboration by Agent Irvine were "stale" for these

7

purposes. The described events were remote in time to the search and the information from computer source ISERVE was not current and too remote in time to support a finding that there was probable cause to believe that evidence of a crime would be found on the computers. Spro v U.S., 287 U.S. 206, 210-211 (1932); United States v. Bucuvalas, 970 F2d 937, 940 (1st Cir. 1992).

## RELIANCE ON THE WARRANT ON THE PART OF THE OFFICERS WAS UNREASONABLE

It is asserted that the officers who were leading this investigation and who had planned this search could not have harbored an objectively reasonable belief in the existence of probable cause having reviewed all of the information and been closely following the investigation.

The affidavit in support of the application for search warrant for Bowles Park does not sets forth any information to the effect that evidence would be found at Bowles Park with the exception of paragraph 30 of the affidavit. It is asserted that this is not sufficient to establish probable cause to believe that the items sought would be found at that location, and in particular, in the defendant's computer.

## CONCLUSION

The Defendant asserts for the reasons set forth above that the search and seizure at Bowles Park was illegal and that the evidence and fruits thereof seized pursuant to said searches should be suppressed from use as evidence at the trial of the above captioned indictment.

Respectfully submitted,
THE DEFENDANT
By His Attorney

_____
BERNARD T. O'CONNOR, JR., Esq.
1391 Main Street, Suite 1022
Springfield, MA 01103
(413) 781-5311
(413) 7746-2707-fax
BBO# 557872

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED UPON
(EACH PARTY ...)

8/29/05

Signature