UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 04-30054-MAP |
| ) | |
| JOHN BOITEAU, ) | |
| Defendant ) | |

## MOTION TO SUPPRESS STATEMENTS AND MEMORANDUM OF LAW

The Defendant, John Boiteau moves to suppress any and all statements made by him and acquired by law enforcement officials as a result of an involuntary interrogation conducted on October 20, 2004. The interrogation of Mr. Boiteau was in violation of the Defendant's rights under the United States Constitution, specifically, his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel, and all other applicable rights afforded under Miranda v. Arizona, 384 U.S. 436 (1966). As reasons therefore:

1. Illegal confessions, whether obtained in violation of the Fourteenth Amendment due process clause, the Sixth Amendment right to counsel or the Fifth Amendment privilege against self-incrimination are inadmissible against the confessor as evidence of guilt.

2. The Fifth Amendment provides that "no person ... shall be compelled in any criminal case to be a witness against themself." The Supreme Court in Miranda v. Arizona, 384 U.S. 436 (1966), "presumed that interrogation in certain custodial circumstances is inherently coercive and ... that statements made

under these circumstances are inadmissible unless the suspect is specifically informed of his Miranda Rights and freely decides to forgo those rights." New York v. Quarles, 467 U.S. 649, 654 (1984).

3. A confession is admissible only if it is voluntary and the product of rational intellect and free will. Blackburn v. Arizona, 361 U.S. 199, 208. Voluntariness and the validity of a waiver are decided in light of the totality of circumstances. Procunie v. Atchley, 400 U.S. 446, 453 (1971).

4. On October 20, 2004, the Defendant was question by United States Postal Inspectors and Springfield Police Detectives regarding criminal conduct. Although he may have been advised of his Miranda Rights, he did not fully understand and his waiver was not voluntary. The Defendant was not free to leave and was compelled by the United States Postal Inspectors and other law enforcement agents to answer questions and those answers are now being used in an attempt to convict him of serious criminal conduct. The Postal Inspectors inquiry took the form of demands and reactions to Mr. Boiteau's explanations altered the nature of the contact into a custodial situation.

I.   MR BOITEAU'S STATEMENTS SHOULD BE SUPPRESSED

On October 20, 2004, Postal Inspectors together with local law enforcement agents executed a search warrant at the defendant's residence, a residence he shares with his elderly 85 year old mother. At that time and place the Defendant was subsequently interviewed.

It is well-settled that custodial interrogation conducted regarding incriminating statements must be preceded by procedural safe guards, and follow from a knowing,

intelligent and wholly voluntary relinquishment of Fifth and Sixth Amendment rights. Miranda v. Arizona, 384 U.S. 436 (1966), Moran v. Burbine, 475 U.S. 412, 420—22 (1986).

Mr. Boiteau was interrogated following the arrival of government agents to his home, which he shares with his elderly mother, in order to execute a search warrant. Although he was not arrested, under these circumstances agents for the government solicited statements from Mr. Boiteau. It is important to underscore the fact that the statements were solicited by the agents, not blurted out by the defendant spontaneously. The agents inquires took the form of demands and reactions to Mr. Boiteau's explanations altered the nature of the contact to a custodial situation.

Although the required Miranda warnings may well have been administered, the circumstances placed the agent on notice that any waiver given was not likely to be fully, voluntarily and intelligently made. The heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination, and his right to counsel. There should be no dispute that Mr. Boiteau was in a custodial situation and not free to leave at the time of his interview, thereby triggering the Miranda requirements.

Courts must "indulge every reasonable presumption against waiver of Miranda rights." United States v. Heldt, 745 F.2d 1277 (9th Cir. 1984). The government has the burden of illustrating Mr. Boiteau made a knowing and intelligent waiver of his rights. The mere fact that Miranda warnings are administered and the waiver apparently executed is not by itself "inevitably sufficient to establish waiver." North Carolina v. Butler, 441 369, 373 (1979). Only if waiver is shown to proceed from deliberate choice,

3

rather than intimidation or coercion, and made "with a full awareness of both the nature of t rights being abandoned and of the consequences of the decision", Burbine, 475 U.S. 412, may the government rely upon the statements obtained.

The validity of a waiver under Miranda "depends ... upon particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." Edwards v. Arizona, 451 U.S. 477, 482, (1981) (quoting Johnson v. Zerbst, 304 U.S. 458). Only if "the totality of the circumstances surrounding interrogation reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude the Miranda rights have been waived." Burbine, 475 U.S. 412 (1981).

In this case, three facts are critical: first, Mr. Boiteau's home was being searched by a number of government agents; he shares his home with his elderly and sick 85 year old mother, and under those circumstances he was under extreme pressure, with agents of both the Postal Inspector' Office and Springfield Police department present in his home which he shares with his elderly mother.

The government may make no use of any information involuntarily obtained from a defendant in violation of the Fifth Amendment, Mincey v. Arizona, 437 U.S. 385, 398 (1978). The government must prove, in addition to compliance with Miranda, that any incriminating statement obtained from Mr. Boiteau was given voluntarily. Lego v. Twomey, 404 U.S. 477, 484 (1972). A defendant may be properly warned and freely waive as required under Miranda, yet ultimately be coerced into making a confession. Oregon v. Elstad, 470 U.S. 298 (1985) (ultimate test of admissibility is always the entire course of police conduct leading to statement); Jackson v. Denno, 378 U.S. 368, 376

4

(1964).

A statement may not be admitted unless it was the product of a rational intellect and a free will. Townsend v. Sam, 372 U.S. 293 (1963); Beecher v. Alabama, 408 U.S. 234 (1972). On October 20, 2004, the Defendant was questioned by U.S. Postal Inspectors and Springfield Police detectives regarding criminal conduct. The inquiry took place in the defendant's home which he shares with his elderly mother, who was present in the home during the execution of the search warrant by both agents from the U.S. Postal Inspectors Office and Springfield Police Department. The defendant was not free to leave and was compelled by the government agents to answer questions put to him, and now those answers are being used against him.

In light of the involuntary nature of Mr. Boiteau's alleged waiver of his constitutional rights, the Defendant requests this Court suppress statements given to government agents on October 20, 2004, or at any other time thereafter.

Respectfully submitted,
The Defendant,

Dated: 8/29/05      By: [signature]
BERNARD T. O'CONNOR, JR.
His Attorney
BBO No. 557872
1391 Main Street - Suite 1022
Springfield, MA 01103—1610
(413) 781—5311

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL / BY HAND ON
8/29/05
[signature]
Signature

5