UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL NO. 04-30054-MAP
                              )
JOHN BOITEAU, JR.,            )
                              )
        Defendant.            )

## MOTION TO ESTABLISH DATE CERTAIN FOR GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits the following motion to establish a date certain for government's response to defendant's motion to suppress. In support of its motion the government states the following:

1.   Defendant's motion originally was due on August 12, 2005, with the government's response due on September 2, 2005.

2.   Defendant received an extension of time until August 26, 2005, and the government received the defendant's motion on August 30, 2005.

Accordingly, the government respectfully requests 9 days, until September 9, 2005, to file its response.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    _Ariane D. Vuono_____
       Ariane D. Vuono
       Assistant U.S. Attorney

Dated: September 7, 2005

CERTIFICATE OF SERVICE

Hampden, ss.                          Springfield, Massachusetts
                                      September 7, 2005

     I, Ariane D. Vuono, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing by mail to
Bernard T. O'Connor, Jr., Esq., 1391 Main Street, Harrison Place,
Suite 1022, Springfield, MA 01103.

                              _____
                              Ariane D. Vuono
                              Assistant U.S. Attorney



COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 04-30054-MAP |
| | ) | |
| JOHN BOITEAU, | ) | |
| Defendant | ) | |

## MOTION OF DEFENDANT JOHN BOITEAU TO FILE MOTIONS TO SUPPRESS LATE AND HEREWITH

The Defendant, John Boiteau moves this Honorable Court for leave to file his Motion to Suppress Evidence and Motion to Suppress Statements, together with Memorandums of Law in Support of Motions to Suppress late and herewith. As reasons therefore:

1. By order of this court, Defendant's motion to Suppress Evidence and Statements were to be filed by August 26, 2005.

2. For personal reasons undersigned counsel was not in his office on August 26, 2005 and, accordingly, did not have the opportunity to file Defendant's motions on that date.

3. Undersigned returned to his office this date, the next business day and files Defendant's Motions herewith.

Respectfully submitted,
The Defendant,

Dated: 8/29/05

By: BERNARD T. O'CONNOR, JR.
His Attorney
BBO No. 557872
1391 Main Street Suite 1022
Springfield, MA 01103—1610
(413) 781—5311

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED UPON
(EACH PARTY APPEARING PRO SE AND)
THE ATTORNEY OF RECORD FOR EACH
OTHER PARTY BY MAIL (BY HAND) ON

8/29/05

Signature

LAW OFFICES
## O'CONNOR, MARTINELLI, CULLINAN & PIKULA
SUITE 1022
1391 MAIN STREET
SPRINGFIELD, MASSACHUSETTS 01103-1649
TELEPHONE (413) 781-5311
FACSIMILE (413) 746-2707

S. THOMAS MARTINELLI
BERNARD T. O'CONNOR, JR.
EDWARD M. PIKULA
WILLIAM G. CULLINAN
SHAWN M. O'CONNOR

BERNARD T. O'CONNOR (1917- 99?)
THOMAS J. O'CONNOR (1925- 99?)
WILLIAM L. COHN (1925-.00?)

INDIVIDUAL PRACTITIONERS, NOT IN PARTNERSHIP

August 29, 2005

Clerk's Office
Federal Building & Courthouse
1550 Main Street, 5th Floor
Springfield, MA 01103

RE:     UNITED STATES V. JOHN BOITEAU
        DOCKET NO. 04-30054-MAP

Dear Clerk:

Enclosed please find the following Motion(s) for filing in connection with the above-referenced matter:

1.     Motion to File Motions to Suppress Late;
2.     Motion to Suppress Evidence and Memorandum of Law in Support of Motion to Suppress Evidence; and
3.     Motion to Suppress Statements and Memorandum of Law.

If you have any questions or comments please feel free to contact me.

Very truly yours

BERNARD T. O'CONNOR, JR.

BTOC.JR\lvf
Enc.
c:     Ariane Vuono, AUSA
       1550 Main Street, RM 310
       Springfield, MA 01103



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                              )    Criminal No. 05-30054-MAP
vs. )
                              )
JOHN BOITEAU )

## MOTION OF DEFENDANT TO SUPPRESS

Pursuant to the provisions of Federal Rules of Criminal Procedure 41(f) and 12(b)(3), the Defendant, John Boiteau, herein moves to suppress all items seized during the search of his home at 92 Bowles Park, Springfield, Massachusetts conducted by agents of the government on October 20, 2004, pursuant to a search warrant for that location issued by this Court.

Defendant asserts said search and seizure was illegal and unreasonable and in violation of rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

In support hereof defendant further asserts that:

1. There was insufficient probable cause to conclude that evidence of criminal conduct would be found at the location to be searched.

2. The search warrant application and affidavit were insufficient, incomplete and invalid on their face. The application and warrant set forth, mere conclusions of the affiant therein.

3. The search warrant was illegally and unreasonably issued. There was no justification for allowing the seizure of all computer equipment,

4. The warrant was not sufficiently particular in describing what could be seized and amounted to a general warrant for the seizure of all computer files and data contained at that location.

5. The affidavits do not sufficiently establish the reliability of the affiant's knowledge that evidence of criminal activity would be found on computer files, records or discs.

6. The information allegedly provided by the affiant was not timely.

7. The officers executing the warrants exceeded the scope of the search and seizure authorized by the warrant.

8. The officers executing the warrant did not harbor an objectively reasonable belief in the existence of probable cause.

WHEREFORE, Defendant moves that all items seized at 92 Bowles Park, Springfield, Massachusetts pursuant to the warrants be suppressed from admission into evidence and for use of any kind in this and any other proceeding.

Respectfully submitted,
THE DEFENDANT
By His Attorney

6/29/05

BERNARD T. O'CONNOR, JR., Esq.
1391 Main Street, Suite 1022
Springfield, MA 01103
(413) 781-5311
(413) 7746-2707-fax
BBO# 557872



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )      Crim. No. 05-30054MAP
vs.                           )
                              )
JOHN BOITEAU                  )


## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT  TO SUPPRESS EVIDENCE

### INTRODUCTION

On October 20, 2004 agents for the government executed a search warrant issued by this Court on or about October 19, 2004, authorizing them to search the premises at 92 Bowles Park, Springfield, Massachusetts. It was alleged in the affidavit of Postal Inspector Richard Irvine that evidence of child pornography was to be at that location.  The search was conducted and a number of images, documents and data were seized from the defendant's  computer system or systems. By way of this Motion to Suppress, Defendant John Boiteau, has asserted that the search and seizure of both his home and computer was illegal and unreasonable and violated rights secured to him by the United States Constitution.

### STANDING

The defendant has standing to object to the search conducted at his residence at 92 Bowles Park, Springfield, MA.  It is well established that a defendant may assert a reasonable expectation of privacy in his or her home, even if shared with other, in this

case his elderly mother.  United States v. Mancini, 8 Fed. 3rd 104 (1st Cir. 1993), citing

Mancusi v. DeForte. 392 U.S. 364 (1968).

Defendant Boiteau asserts he had a reasonable expectation of privacy in all of

the documents, files, records, computer files, and videos located at 92 Bowles Park,

Springfield, MA. and that he therefore has standing to object to the legality of the

searches and seizures conducted therein.

## AGENTS IRVINE'S AFFIDAVITS DO NOT ESTABLISH PROBABLE CAUSE TO BELIEVE THAT THE ITEMS SOUGHT ARE CONNECTED TO ANY CRIMINAL ACTIVITY

The application for a search warrant and any affidavit in support thereof must

establish more than bare suspicion that any offense has been or is being committed.

Brinegar v. United States, 338 U.S. 160, 175 (1949); U.S. v. Khounsavanh, 113 Fed. 3rd

279, 283 (1st Cir. 1997) and United States v. Schaefer, 87 F 3rd 562, 565 (1st Cir.

1996).  Agent Irvine's affidavit does not establish probable cause to believe that the

computer hard drives, data and files, and other computer files and records located at

the Defendant's residence was criminal.  Although the affidavit does set forth

information pertaining to an undercover "sting" operation designed to have Mr. Boiteau

order and receive materials from undercover government agents, (specifically two

videotapes that contained child pornography) (See Para. 19 through 27 of Inspector

Irvine's Affidavit for Search Warrant),  otherwise the affidavit cites numerous examples

or practices generally used by others that trade in child pornography, but not specifically

as it pertains to the Defendant.  (See paragraphs 8 through 15).

The Fourth Amendment provides that "no warrants shall issue, but upon

probable cause, supported by oath or affirmation . . . ." This requires the judicial officer contemplating the issuance of a warrant to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983); United States v. Keene, 341 F.3d 78, 81 (1st Cir. 2003). In considering an affidavit made in support of a search warrant, a judicial officer may draw reasonable inferences from the facts alleged. United States v. Falon, 959 F.2d 1143, 1147 (1st Cir. 1992); United States v. Hershenow, 680 F.2d 847, 851 (1st Cir. 1982). Nevertheless, an affiant's "unsupported conclusions are not entitled to any weight in the probable cause determination." United States v. Vigeant, 176 F.3d 565, 571 (1st Cir. 1999).

In child pornography cases, where the existence of criminal conduct often depends solely on the nature of pictures, the judicial determination of probable cause is especially important. United States v. Brunette, 256 F.3d 14, 18 (1st Cir. 2001); Hernandez, 183 F. Supp. 2d at 475. A search warrant may issue only where there is probable cause to believe that a given image falls within the statutory definition of child pornography. Brunette, 256 F.3d at 18; Hernandez, 183 F. Supp. 2d at 474-75. A bare legal assertion, absent any descriptive support and without an independent review of the images, is insufficient to sustain a finding of probable cause. Brunette, 256 F.3d at 17, (holding that warrant was issued without probable cause where affiant did not give detailed factual description of images and magistrate did not independently review the images).

In United States v. Brunette, 256 F.3d 14 (1st Cir. 2001), the First Circuit

3

concluded that an agent's statement that the images the defendant had allegedly posted on a website contained a minor lasciviously displaying his genitals amounted to "a bare legal assertion ... insufficient to sustain the magistrate judge's determination of probable cause." Brunette, 256 F.3d. at 17. The court reasoned that classifying the display of genitalia in a particular image as "lascivious" and therefore pornographic within the meaning of 18 U.S.C. § 2256(2)(E) involves "inherent subjectivity." Id. at 18. Accordingly, the court found error in the issuance of the warrant "absent an independent review of the images, or at least some assessment based on a reasonably specific description." Id. at 19. Mr. Boiteau contends that Inspector Irvine's descriptions of the materials allegedly found on the internet and which forms the basis for seizing and searching his computers lack the level of specificity which Brunette demands.

Even when considering the standard that in order to establish probable cause, the facts presented to the magistrate need only "warrant a man of reasonable caution" to believe that evidence of a crime will be found, Texas v. Brown, 460 U.S. 730, 742, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983), the affidavit in this case contains insufficient information as to how computers, and specifically, Mr. Boiteau's computers, were used to transmit and collect child pornography, enhancing the probability that such pornography would be recovered by searching the defendant's computer equipment.

One could conclude from the affidavit that the seizure and subsequent off-premises search of the computer and all available disks was not established by probable cause. A sufficient chance of finding some needles in the computer haystack was not established by the probable-cause showing in the warrant application.

4

Inspector Irvine's affidavit expressed his conclusions that the internet access the defendant purchased on two occasions, in May 2003 and June 2003, contained pornographic images, he never describes the images in detail that led Inspector Irvine to believe the computer contained images of child pornography.

There was no justification for allowing the seizure of all computer equipment, a category potentially including equipment that contained no images and had no connection to the crime. Careful reading of the affidavit leads to the conclusion that in issuing the warrant authorizing the search of the computer this Court was left to rely on mere conclusions that the internet sites visited by the defendant contained child pornography. Brunette, 256 F.3d at 18-19. The affiant never described the images which allegedly were child pornography sites on the internet, and which would form the basis to establish probable cause to search the defendant's computer.

A warrant application must demonstrate probable cause to believe that (1) a crime has been committed--the "commission" element, and (2) enumerated evidence of the offense will be found at the place to be searched-- the so-called "nexus" element. United States v. Zayas-Diaz, 95 F.3d 105, 111-112 (1st Cir. 1996). It is the "commission" element that rises to a level of concern in this case. The facts may rise to a level to make one suspicious that at least illicit, if not illegal conduct, may be afoot, but the notion that a search of the defendant's computer would produce materials that meet the statutory definition of "sexually explicit" is supported mainly by informed speculation. There is no established evidence of visits to websites known for their sexually explicit depictions creating the fair probability that such material will be stored on the suspect computer. The investigation never progressed to the stage where the Postal Inspectors

sought or obtained information from Mr. Boiteau's Internet Service Provider (ISP) that might have produced evidence indicative of the actual materials Mr. Boiteau had on his computer.

Because the identification of images as lascivious is a subjective determination, that assessment should be made by a judge, not an agent. Brunette, 256 F.3d at 18. "A judge cannot ordinarily make this determination without either a look at the allegedly pornographic images, or at least an assessment based on a detailed, factual description of them." Brunette, 256 F.3d at 18.

The Affidavit is full of conclusions of the affiant. An issuing magistrate cannot rely on the "bare conclusions of others". Illinois v. Gates, 462 U.S. 213, 239 (1983); Giordenello v. U.S, 357 U.S. 480, 486 (1958).


PARTICULARITY

The warrant allows the officers to seize just about every kind of record, computer file, software and hardware, disks CD-ROMS, and data  at the locations and amounts to a "general warrant" which the Constitution prohibits. As set forth in the previous section the Affidavit does not establish the probability of criminal activity associated with the computers and their hard drives and other dater and files. The manifest purpose of the particularity requirement of the Fourth Amendment is to prevent wide ranging general searches by the police. Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971); U.S. v. Pervaz, 118 F3d 1, 9, (1st Cir. 1997); U.S. v. Lacey, 119 F3d 742, 746-747 (1st Cir. 1997).

The question whether a warrant is sufficiently "particular" has been much litigated in this Circuit. The root is the Fourth Amendment's direction that a warrant describe "particularly" the place to be searched and "the persons or things to be seized." U.S. Const. amend IV. The requirement of particularity arises out of a hostility to the Crown's practice of issuing "general warrants" taken to authorize the wholesale rummaging through a person's property in search of contraband or evidence. Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971).

The cases on "particularity" are actually concerned with at least two rather different problems: one is whether the warrant supplies enough information to guide and control the agent's judgment in selecting what to take, United States v. Abrams, 615 F.2d 541, 545-46 (1st Cir. 1980), and the other is whether the category as specified is too broad in the sense that it includes items that should not be seized.

The first paragraph of Attachment A to the Warrant allowed the seizure of computer equipment, which can only be described as generic, imprecise, and was arguably unconstitutionally overbroad. Mr. Boiteau claims that the warrant was not "particular" enough, and allowed for a general search. This was a wide-ranging general search authorized in circumstances where no probable cause that a crime was being committed was established.

The Affidavits do not sufficiently establish that evidence of crimes will be found, and the affiant has only presented mere conclusionary statements as to the use of computers and the capacity of computers.

In addition, the information relied upon by the affiant is not timely. The statements relied upon for corroboration by Agent Irvine were "stale" for these

7

purposes. The described events were remote in time to the search and the information from computer source ISERVE was not current and too remote in time to support a finding that there was probable cause to believe that evidence of a crime would be found on the computers. Spro v U.S., 287 U.S. 206, 210-211 (1932); United States v. Bucuvalas, 970 F2d 937, 940 (1st Cir. 1992).

## RELIANCE ON THE WARRANT ON THE PART OF THE OFFICERS WAS UNREASONABLE

It is asserted that the officers who were leading this investigation and who had planned this search could not have harbored an objectively reasonable belief in the existence of probable cause having reviewed all of the information and been closely following the investigation.

The affidavit in support of the application for search warrant for Bowles Park does not sets forth any information to the effect that evidence would be found at Bowles Park with the exception of paragraph 30 of the affidavit. It is asserted that this is not sufficient to establish probable cause to believe that the items sought would be found at that location, and in particular, in the defendant's computer.

## CONCLUSION

The Defendant asserts for the reasons set forth above that the search and seizure at Bowles Park was illegal and that the evidence and fruits thereof seized pursuant to said searches should be suppressed from use as evidence at the trial of the above captioned indictment.

8

Respectfully submitted,
THE DEFENDANT
By His Attorney


BERNARD T. O'CONNOR, JR., Esq.
1391 Main Street, Suite 1022
Springfield, MA 01103
(413) 781-5311
(413) 7746-2707-fax
BBO# 557872

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED UPON
(EACH PARTY APPEARING PRO SE AND)
THE ATTORNEY OF RECORD FOR EACH
OTHER PARTY BY MAIL/_____ ON
8/29/05

Signature

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                                )
vs.                           )     CRIMINAL NO. 04-30054-MAP
                                )
JOHN BOITEAU,               )
          Defendant     )

## MOTION TO SUPPRESS STATEMENTS AND MEMORANDUM OF LAW

The Defendant, John Boiteau moves to suppress any and all statements made by him and acquired by law enforcement officials as a result of an involuntary interrogation conducted on October 20, 2004. The interrogation of Mr. Boiteau was in violation of the Defendant's rights under the United States Constitution, specifically, his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel, and all other applicable rights afforded under Miranda v. Arizona, 384 U.S. 436 (1966).   As reasons therefore:

1. Illegal confessions, whether obtained in violation of the Fourteenth Amendment due process clause, the Sixth Amendment right to counsel or the Fifth Amendment privilege against self-incrimination are inadmissible against the confessor as evidence of guilt.

2. The Fifth Amendment provides that "no person ... shall be compelled in any criminal case to be a witness against themself." The Supreme Court in Miranda v. Arizona, 384 U.S. 436 (1966), "presumed that interrogation in certain custodial circumstances is inherently coercive and ... that statements made

under these circumstances are inadmissible unless the suspect is specifically informed of his Miranda Rights and freely decides to forgo those rights." New York v. Quarles, 467 U.S. 649, 654 (1984).

      3. A confession is admissible only if it is voluntary and the product of rational intellect and free will. Blackburn v. Arizona, 361 U.S. 199, 208. Voluntariness and the validity of a waiver are decided in light of the totality of circumstances. Procunie v. Atchley, 400 U.S. 446, 453 (1971).

      4. On October 20, 2004, the Defendant was question by United States Postal Inspectors and Springfield Police Detectives regarding criminal conduct. Although he may have been advised of his Miranda Rights, he did not fully understand and his waiver was not voluntary. The Defendant was not free to leave and was compelled by the United States Postal Inspectors and other law enforcement agents to answer questions and those answers are now being used in an attempt to convict him of serious criminal conduct. The Postal Inspectors inquiry took the form of demands and reactions to Mr. Boiteau's explanations altered the nature of the contact into a custodial situation.

      I.    MR BOITEAU'S STATEMENTS SHOULD BE SUPPRESSED

    On October 20, 2004, Postal Inspectors together with local law enforcement agents executed a search warrant at the defendant's residence, a residence he shares with his elderly 85 year old mother. At that time and place the Defendant was subsequently interviewed.

    It is well-settled that custodial interrogation conducted regarding incriminating statements must be preceded by procedural safe guards, and follow from a knowing,

2

intelligent and wholly voluntary relinquishment of Fifth and Sixth Amendment rights.
<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), <u>Moran v. Burbine</u>, 475 U.S. 412, 420—22
(1986).

Mr. Boiteau was interrogated following the arrival of government agents to his
home, which he shares with his elderly mother, in order to execute a search warrant.
Although he was not arrested, under these circumstances agents for the government
solicited statements from Mr. Boiteau.  It is important to underscore the fact that the
statements were solicited by the agents, not blurted out by the defendant
spontaneously.  The agents inquires took the form of demands and reactions to Mr.
Boiteau's explanations altered the nature of the contact to a custodial situation.

Although the required Miranda warnings may well have been administered, the
circumstances placed the agent on notice that any waiver given was not likely to be
fully, voluntarily and intelligently made. The heavy burden rests on the government to
demonstrate that the defendant knowingly and intelligently waived his privilege against
self-incrimination, and his right to counsel.   There should be no dispute that Mr. Boiteau
was in a custodial situation and not free to leave at the time of his interview, thereby
triggering the <u>Miranda</u> requirements.

Courts must "indulge every reasonable presumption against waiver of <u>Miranda</u>
rights." <u>United States v. Heldt</u>, 745 F.2d 1277 (9th Cir. 1984).  The government has the
burden of illustrating Mr. Boiteau made a knowing and intelligent waiver of his rights.
The mere fact that <u>Miranda</u> warnings are administered and the waiver apparently
executed is not by itself "inevitably sufficient to establish waiver." <u>North Carolina v.</u>
<u>Butler</u>, 441 369, 373 (1979).  Only if waiver is shown to proceed from deliberate choice,

3

rather than intimidation or coercion, and made "with a full awareness of both the nature of t rights being abandoned and of the consequences of the decision", Burbine, 475 U.S. 412, may the government rely upon the statements obtained.

The validity of a waiver under Miranda "depends ... upon particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." Edwards v. Arizona, 451 U.S. 477, 482, (1981) (quoting Johnson v. Zerbst, 304 U.S. 458). Only if "the totality of the circumstances surrounding interrogation reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude the Miranda rights have been waived." Burbine, 475 U.S. 412 (1981).

In this case, three facts are critical: first, Mr. Boiteau's home was being searched by a number of government agents; he shares his home with his elderly and sick 85 year old mother, and under those circumstances he was under extreme pressure, with agents of both the Postal Inspector' Office and Springfield Police department present in his home which he shares with his elderly mother.

The government may make no use of any information involuntarily obtained from a defendant in violation of the Fifth Amendment, Mincey v. Arizona, 437 U.S. 385, 398 (1978). The government must prove, in addition to compliance with Miranda, that any incriminating statement obtained from Mr. Boiteau was given voluntarily. Lego v. Twomey, 404 U.S. 477, 484 (1972). A defendant may be properly warned and freely waive as required under Miranda, yet ultimately be coerced into making a confession. Oregon v. Elstad, 470 U.S. 298 (1985) (ultimate test of admissibility is always the entire course of police conduct leading to statement); Jackson v. Denno, 378 U.S. 368, 376

4

(1964).

A statement may not be admitted unless it was the product of a rational intellect and a free will. Townsend v. Sam, 372 U.S. 293 (1963); Beecher v. Alabama, 408 U.S. 234 (1972). On October 20, 2004, the Defendant was questioned by U.S. Postal Inspectors and Springfield Police detectives regarding criminal conduct. The inquiry took place in the defendant's home which he shares with his elderly mother, who was present in the home during the execution of the search warrant by both agents from the U.S. Postal Inspectors Office and Springfield Police Department. The defendant was not free to leave and was compelled by the government agents to answer questions put to him, and now those answers are being used against him.

In light of the involuntary nature of Mr. Boiteau's alleged waiver of his constitutional rights, the Defendant requests this Court suppress statements given to government agents on October 20, 2004, or at any other time thereafter.

Respectfully submitted,
The Defendant,

Dated: 8/29/05

By: _____
BERNARD T. O'CONNOR, JR.
His Attorney
BBO No. 557872
1391 Main Street - Suite 1022
Springfield, MA 01103—1610
(413) 781—5311

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED UPON
(EACH PARTY APPEARING PRO SE AND)
THE ATTORNEY OF RECORD FOR EACH
OTHER PARTY BY MAIL / BY HAND ON
8/29/05

_____
Signature

5

LAW OFFICES
O'CONNOR, MARTINELLI, CULLINAN & PIKULA
SUITE 1022
1391 MAIN STREET
SPRINGFIELD, MASSACHUSETTS 01103-1649
TELEPHONE (413) 781-5311
FACSIMILE (413) 746-2707

S. THOMAS MARTINELLI
BERNARD T. O'CONNOR, JR.
EDWARD M. PIKULA
WILLIAM G. CULLINAN
SHAWN M. O'CONNOR

BERNARD T. O'CONNOR (1917- 991)
THOMAS J. O'CONNOR (1925- 99 )
WILLIAM L. COHN (1925- 100 )

INDIVIDUAL PRACTITIONERS, NOT IN PARTNERSHIP

August 10, 2005

Bethaney Healy
Courtroom Clerk to Magistrate Judge Kenneth P. Neiman
Federal Building & Courthouse
1550 Main Street
Springfield, MA 01103

RE:   *UNITED STATES V. JOHN BOITEAU*
      Docket No. 04-30054-MAP

Dear Clerk Healy:

    Enclosed for filing with your Court, please find Defendant's
Motion for Additional Time to File Motions.

    If you have any questions or comments please feel free to
contact me.

Very truly yours

BERNARD T. O'CONNOR, JR.

BTOC.JR\neb
Enc.

C.   Ariane Vouno, Esq. ✓
     United States Attorney's Office
     Federal Building & Courthouse
     1550 Main Street
     Springfield, MA 01103

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
v.                       )    CRIMINAL NO. 04-30054-MAP
                         )
JOHN BOITEAU,            )
         Defendant       )

## MOTION TO ENLARGE TIME FOR DEFENDANT TO FILE MOTIONS

Now comes the Defendant, John Boiteau in the above-entitled
matter, through counsel, and requests that this Honorable Court
enlarge the time for filing motions, now scheduled for August 12,
2005, and requests an extension of fourteen (14) days to August
26, 2005, and states as reasons therefore:

1.    Additional time will be required in order that Counsel
with the assistance from the defendant may prepare and file
motions, including a motion to suppress evidence;

2.    Counsel's schedule has prevented him from scheduling an
appointment to meet with the defendant since the scheduling order
was put in effect.  In addition, counsel was notified that another
case in which he appears in the Hampden County Superior Court
Civil Session has been put "on alert", meaning it can be called at
any time (with twenty(20) hours notice) and in all likelihood will
be called to trial this week;

3.    The requested extension of time is necessary to ensure
the effective preparation of a defense.  The "ends of justice"
served by granting the motion outweigh the interests of the public

1

and the Government in having the case heard immediately;

    4.   The United States Attorney's Office has been informed of the Defendant's intention to file this Motion and has indicated to the undersigned that it assents to Defendant's Motion for Additional Time; and

    5.   The Government will not be prejudiced by a short delay.

    WHEREFORE, Defendant requests that this Court grant him additional time to file Motions with this Court.

Respectfully Submitted,

BERNARD T. O'CONNOR, JR.
1391 Main Street
Springfield, MA 01103
(413) 781-5311
BBO #557872

CERTIFICATE OF SERVICE

    I, Bernard T. O'Connor, Jr. hereby certify that a true copy of the above document was served upon Ariane Vouno, United States Attorney's Office, by hand, on August 10, 2005.

BERNARD T. O'CONNOR, JR.