UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 04-30054-MAP |
| ) | |
| JOHN BOITEAU, ) | |
| Defendant ) | |

DEFENDANT'S REQUEST AND MEMORANDUM OF LAW
FOR EVIDENTIARY HEARING ON MOTION TO SUPPRESS STATEMENTS

The Defendant, John Boiteau moves for an evidentiary hearing on his motion to suppress statements made by him previously filed with the Court.

ARGUMENT

The Defendant recognizes the Court of Appeals has ruled that evidentiary hearings on motions are the exception, not the rule, and even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial motion. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993);(United States v. Mala, 7 F.3d 1058, 1062 (1st Cir. 1993). "A hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996)(citing United States v. Lilly, 983 F.2d 300, 310-11 (1st Cir. 1992); United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990)).

In most situations, motions can be "heard" effectively on the papers, with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits, and the like. Aoude v. Mobil Oil Corp., 862 F.2d 890, 894 (1st Cir. 1988). In borderline cases "the test for granting an evidentiary hearing in a criminal case should

be substantive: did the defendant make a sufficient threshold showing that material facts were in doubt or in dispute?" See United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990). A party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment. Panitz, 907 F.2d at 1273-1274.

Here the defendant has shown sufficiently detailed and controverted factual allegations which, if true, would warrant a finding of factual issues in dispute. Applying this standard, the Court here should determine that there are factual issues in dispute, and, consequently, schedule an evidentiary hearing. In addition, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief. United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996).

*1. A Sufficient Showing Has Been Made That Material Facts Are In Doubt or Dispute*

Although he may have been advised of his Miranda Rights, the Defendant did not fully understand his rights and his waiver was not voluntary. See attached Affidavit of John Boiteau. The Defendant was not free to leave and was compelled by the United States Postal Inspectors and other law enforcement agents to answer questions and those answers are now being used in an attempt to convict him of serious criminal conduct. Id. The Postal Inspectors inquiry took the form of demands and reactions to Mr. Boiteau's explanations altered the nature of the contact into a custodial situation. Although he may have been advised of his Miranda Rights, the Defendant did not fully understand his rights and his waiver was not voluntary. The mere fact that Miranda warnings are administered and the waiver apparently executed is not by itself "inevitably sufficient to establish waiver." North Carolina v. Butler, 441 369, 373 (1979). Only if waiver is shown to proceed from deliberate choice, rather than intimidation or coercion, and made "with a full awareness of both the

nature of t rights being abandoned and of the consequences of the decision", U.S. v Burbine, 475 U.S. 412, may the government rely upon the statements obtained.

The validity of a waiver under Miranda "depends ... upon particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." Edwards v. Arizona, 451 U.S. 477, 482, (1981) (quoting Johnson v. Zerbst, 304 U.S. 458). Only if "the totality of the circumstances surrounding interrogation reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude the Miranda rights have been waived."

*2. If The Factual Disputes Are Resolved In Defendant's Favor, The Defendant Would Be Entitled To The Requested Relief.*

The Supreme Court in Miranda v. Arizona, 384 U.S. 436 (1966), "presumed that interrogation in certain custodial circumstances is inherently coercive and ... that statements made under these circumstances are inadmissible unless the suspect is specifically informed of his Miranda Rights and freely decides to forgo those rights." New York v. Quarles, 467 U.S. 649, 654 (1984). A confession is admissible only if it is voluntary and the product of rational intellect and free will. Blackburn v. Arizona, 361 U.S. 199, 208. Voluntariness and the validity of a waiver are decided in light of the totality of circumstances. Procunie v. Atchley, 400 U.S. 446, 453 (1971). It is well-settled that custodial interrogation conducted regarding incriminating statements must be preceded by procedural safe guards, and follow from a knowing, intelligent and wholly voluntary relinquishment of Fifth and Sixth Amendment rights. Miranda v. Arizona, 384 U.S. 436 (1966), Moran v. Burbine, 475 U.S. 412, 420—22 (1986). Courts should indulge every reasonable presumption against waiver of Miranda rights. The government has the burden of illustrating Mr. Boiteau made a knowing and

3

intelligent waiver of his rights. The mere fact that <u>Miranda</u> warnings are administered and the waiver apparently executed is not by itself "inevitably sufficient to establish waiver." <u>North Carolina v. Butler, 441 369, 373 (1979)</u>. Only if waiver is shown to proceed from deliberate choice, rather than intimidation or coercion, and made "with a full awareness of both the nature of the rights being abandoned and of the consequences of the decision", <u>Burbine, 475 U.S. at 412,</u> may the government rely upon the statements obtained.

The government may make no use of any information involuntarily obtained from a defendant in violation of the Fifth Amendment, <u>Mincey v. Arizona, 437 U.S. 385, 398 (1978)</u>. The government must prove, in addition to compliance with <u>Miranda</u>, that any incriminating statement obtained from Mr. Boiteau was given voluntarily. <u>Lego v. Twomey, 404 U.S. 477, 484 (1972)</u>. A defendant may be properly warned and freely waive as required under <u>Miranda</u>, yet ultimately be coerced into making a confession. <u>Oregon v. Elstad, 470 U.S. 298 (1985)</u> (ultimate test of admissibility is always the entire course of police conduct leading to statement); <u>Jackson v. Denno, 378 U.S. 368, 376 (1964)</u>.

                                              Respectfully submitted,
                                              The Defendant,

Dated: 1/27/2006

                      By:                                 
                                              BERNARD T. O'CONNOR, JR.
                                              His Attorney
                                              BBO No. 557872
                                              1391 Main Street - Suite 1022
                                              Springfield, MA 01103—1610
                                              (413) 781—5311

I HEREBY CERTIFY [illegible]
THE [illegible] UPON
[illegible]

1/27/06
[signature]
Signature

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOHN BOITEAU, )<br>         Defendant ) | CRIMINAL NO. 04-30054-MAP |

AFFIDAVIT IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS

The Defendant, John Boiteau hereby declare under the penalties of perjury pursuant to 28 U.S.C. §1746, that:

I am the defendant in this case and have personal knowledge or upon information and belief of the facts contained herein. I make this declaration in support of defendant's motion for suppression of certain statements, either oral or written, obtained by the government officers.

On October 20, 2004 at approximately 12:00 P.M., law enforcement officers conducted a search of the my home at 92 Bowles Park in Springfield, MA.. At least five and possibly more law enforcements officers came into my home.

I share my home with my elderly, 86 year old mother. My mother was present in the home at the time of the search.

At all times the law enforcement officers restricted my movement within the house and would not let me leave the kitchen. At one point law enforcement officers requested that I speak to my mother who was visibly upset during the pendency of the search. I was accompanied at all times by law enforcement officers when I went to speak to my mother.

At no time did I feel I was free to leave or stop speaking to law enforcement officers. At one point law enforcement officers informed that it was to my benefit to speak with them and stated to me to the best of my recollection that if I were to speak and cooperate that it would make it easier on me and that it would be to my advantage to speak to them.

Although I may have been advised of my Miranda Rights, I did not fully understand my rights and my waiver was not voluntary. I did not believe I was free to leave and I was compelled by the United States Postal Inspectors and other law enforcement agents to answer their questions. The inquiry took the form of suggestions and my written statement was partly the result of suggestions made by law enforcement officers. I now believe that I did not freely and voluntarily waive my right to remain silent and I was interrogated in violation of my rights under the Fifth Amendment to United States Constitution.

I share my home with my elderly mother, who was present that day, and was upset and confused as to government agents being in the home. Under those circumstances I was under extreme pressure to resolve the search and entry into the home as soon as possible for the benefit of my elderly mother, and as such any alleged waiver of my constitutional rights, was not voluntary and rather the product of confusion.

Signed under the penalties of perjury this 27th day of January, 2006.

*John Boiteau* /s/
John Boiteau