UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>) CRIMINAL NO. 04-30054-MAP<br>v. )<br>)<br>JOHN BOITEAU )<br>)<br>Defendant. ) | |

<u>GOVERNMENT'S PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS</u>

The United States of America submits the attached requested jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure.  The government reserves the right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant, as well as the evidence developed during the trial.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/ Karen L. Goodwin
                              KAREN L. GOODWIN
                              Assistant U.S. Attorney
August 25, 2006               1550 Main Street
                              Springfield, MA 01103
```

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

```
                              /s/Karen L. Goodwin
                              _____
                              Karen L. Goodwin
                              Assistant U.S. Attorney
```

GOVERNMENT'S REQUESTED INSTRUCTION NO. 1

(The Statute and Elements)

The Indictment charges the defendant with unlawful receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). The visual depictions subject to Count One of the Indictment are those from the video tapes that the Government alleges were received by the defendant.

Title 18, United States Code, Section 2252(a)(2) provides in pertinent part as follows:

> Any person who knowingly receives, . . . , any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, . . . by any means . . . if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct [is guilty of a criminal offense];

For you to find the defendant guilty of the crime charged in Count One of the Indictment, the government must prove each of the following essential elements beyond a reasonable doubt:

FIRST, that the defendant knowingly received a visual depiction that had been mailed or shipped or transported in interstate commerce by any means;

SECOND, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

THIRD, that such visual depiction was of a minor engaged in sexually explicit conduct;

2

FOURTH, that the defendant knew that such visual depiction was of sexually explicit conduct; and

FIFTH, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.[1]

---

[1] 18 U.S.C. §2252(a)(2).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

(First, Fourth and Fifth Elements)

Regarding the first, fourth, and fifth elements, an act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

In this case, the term "knowingly" refers to an intentional receipt, as well as an awareness of the sexually explicit nature of the images allegedly received, and the knowledge that the visual depictions were in fact minors engaged in that sexually explicit conduct.  That is, the government must prove beyond a reasonable doubt that the defendant knowingly received the visual depictions and that he did so knowing that the subjects of those images were minors engaging in sexually explicit conduct, as I will define those terms for you.  The government need not prove that the defendant had knowledge that his receipt of child pornography was illegal.

The term "visual depiction" includes undeveloped film, videotapes, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

"Mailed" means through the use of the United States mails.

"Shipped or transported in interstate commerce" means that the visual depictions crossed over the boundary line between two or more states of the United States at some point before it was allegedly received by the defendant.  The government does not

have to establish that the defendant knew or had reason to know that the visual depictions previously crossed a state border if in fact the government proves that the visual depictions did previously cross a state border.[2]

---

[2]<u>United States v. Fabiano</u>, 169 F.3d 1299, 1303-04 (10th Cir. 1999) ("'knowingly' scienter requirement in § 2252[(a)(4)(B)] applies, not only to ["possesses,"] but also to the 'sexually explicit nature of the material and to the age of the performers'") (citing <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64 (1994)); <u>United States v. Cedelle</u>, 89 F.3d 181, 185 (4th Cir. 1996) (Government must prove defendant "knowingly received" a visual depiction that he knew was sexually explicit and that the performers were minors); <u>United States v. Knox</u>, 32 F.3d 733, 753-54 (3d Cir. 1994) (need not prove knowledge of illegality). 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 16.05 (5th ed. 2000).  18 U.S.C. § 2256(5).

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3</u>

(Proof of Knowledge)

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.[3]

---

[3] <u>United States v. Booth</u>, 111 F.3d 1, 2 (1st Cir. 1997); 1 Leonard B. Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, No. 6-17 (1999); 1A Kevin F. O'Malley, <u>et al.</u>, <u>Federal Jury Practice and Instructions</u>, § 17.07 (5th ed. 2000).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

(Second and Third Elements)

The term "minor" means any person under the age of eighteen years.

The term "sexually explicit conduct" means one of the following five categories of conduct, whether actual or simulated:

(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B) bestiality;

(C) masturbation;

(D) sadistic or masochistic abuse; or

(E) lascivious exhibition of the genitals or pubic area of any person.

As to the last category of "sexually explicit conduct," whether a picture or image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. It is for you to decide the weight, or lack of weight, to be given to any of the following factors. A picture or image need not involve all of these factors to constitute a "lascivious exhibition" of the genitals or pubic area.

You may consider such factors as:

(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. [4]

---

[4] See First Circuit Pattern Jury Instructions, ¶ 4.18:2252 (2004); United States v. Carroll, 190 F.3d 290 (5th Cir. 1999) (interpreting the definition of "lascivious" found in 18 U.S.C. § 2256(2)(v) for purposes of §2251(a)); 18 U.S.C. §§ 2256(1).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

(Attempt)

The defendant is also charged with the lesser included offense of attempting to receive visual depiction of minors engaged in sexually explicit conduct. In order to carry its burden of proof for the crime of attempting to receive visual depictions of minors engaged in sexually explicit conduct as charged in Count Two of the Indictment, the government must prove the following two things beyond a reasonable doubt.

First, that the defendant intended to commit the crime of receiving visual depictions of minors engaged in sexually explicit conduct; and

Second, that the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.[5]

---

[5]. See First Circuit Pattern Jury Instructions, ¶4.18.00 (2002).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

(Punishment)

If the defendant is found guilty, it will be my duty to decide what his punishment will be. You should not be concerned with punishment in any way. It should not enter into your consideration or discussions.[6]

---

[6] See Fifth Circuit Pattern Jury Instructions (Criminal), §1.20 (1997).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

("On or About")

You will note that the indictment charges that the offenses were committed "on or about" certain dates rather than "on" certain dates. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.[7]

---

[7] See 1 Mod. Fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

11

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8</u>

(Undercover Operations)

You have heard testimony about an undercover operation run by the Postal Inspection Service that was used in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of undercover agents and operations, in order to apprehend persons engaged in criminal activities. Indeed, the detection of certain types of crimes would be extremely difficult without the use of such techniques. Undercover agents and operations may properly make use of false names and appearances and may properly assume the roles of members of criminal organizations. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

Whether or not you approve of the use of an undercover operation to detect unlawful activities is not to enter into your deliberations in any way. If you are satisfied beyond a reasonable doubt that the defendant committed the offenses charged in either or both of the two counts in the Indictment, the fact that the government made use of an undercover operation is irrelevant to your determination.[8]

---

[8] Criminal Committee on Model Jury Instructions, Ninth Circuit, <u>Ninth Circuit Manual of Model Jury Instructions-Criminal</u>, (2000 ed.); Sands, <u>Modern Federal Jury Instruction</u>, § 5.08.