UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 04-30054-MAP |
| vs. | ) |
| | ) |
| JOHN BOITEAU | ) |

REQUESTS FOR INSTRUCTIONS TO THE JURY

Now comes the defendant and requests that in addition to the normal instructions the Court give the following instructions to the Jury.

Dated: 08/29/2006

Respectfully submitted,
The Defendant, John Boiteau

By: _____
BERNARD T. O'CONNOR, JR.
His Attorney
BBO No. 557872
1391 Main Street - Suite 1022
Springfield, MA 01103
(413) 781-5311

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY [MAIL] [HAND] ON
8/30/06
Signature

## INSTRUCTION NO. 1
(The Indictment and the Statute)

The indictment charges the defendant with violating section 2252 of Title 18 of the United States Code. Specifically, section 2252(a)(2) provides in relevant part:

Any person who knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contain materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if (a) the producing of such visual depiction in roles the use of a minor engaging in sexually explicit conduct; and (b) such visual depiction is of such conduct shall be guilty of a crime.

## INSTRUCTION NO. 2
## BURDEN OF PROOF

The Government has the burden of proving every element of every offense charged against the defendant, beyond a reasonable doubt. This burden never shifts to the defendant; for the law never imposes upon a defendant in a criminal case the burden or the duty of calling any witnesses or producing any evidence. Unless the Government proves beyond a reasonable doubt that the defendant has committed every element of every offense with which he is charged, you must find him not guilty. Proof by a mere likelihood or more than 50% of the believable evidence or the preponderance of the evidence as we say in the law, is not enough for you to find the defendant guilty, because this is a criminal case.

If the jury views the evidence in the cases as reasonably permitting either of two conclusions; one of innocence, the other of guilt, the jury should find the defendant not guilty.

The defendant is not obliged to prove his innocence or to disprove the charges against him. The Government's evidence must convince you of his guilt beyond all reasonable doubt. The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture. There must be something more shown than a probability of guilt, however strong that might be.

The opportunity for a person to commit a crime is not evidence that that person committed it, and lack of opportunity is evidence that the person did not commit it.

## INSTRUCTION NO. 3
### (Elements of the Offense)

In order to prove the defendant guilty of receiving child pornography, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly received, a visual depiction, as I will explain that term to you;

Second, that the visual depiction was transported in interstate or foreign commerce.

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

## INSTRUCTION NO. 4
(First Element – Receiving)

The first element which the government must prove beyond a reasonable doubt is that the defendant knowingly received a visual depiction.

A "visual depiction" includes any photograph, film, video or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

To receive a visual depiction means to take possession of it. This includes the knowing acceptance of a depiction previously requested.

The government must prove that defendant received the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

## INSTRUCTION NO. 5
(Visual Depiction Of Sexually Explicit Conduct)

The third element which the government must prove beyond a reasonable doubt is that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

## INSTRUCTION NO. 6
(Sexually Explicit Conduct Defined)

"Sexually explicit conduct" means actually or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proven that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexually activity.

Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child.

Whether the child is fully or partially clothed, or nude, although is not in and of itself lascivious;

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexually activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance which you give to any one factor is up to you to decide.

7

INSTRUCTION NO. 7
(Fourth Element -- Defendant Acted Knowingly)

The fourth element which the government must prove beyond a reasonable doubt is that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason. In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general knowledge of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer, but he defendant must hake knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexual explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewer of the material is not necessary to prove his awareness of it contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant. United States v. X-Citement Video, Inc., 513 U.S. 64, 115 S. Ct. 464, 130 L.Ed. 2d 372 (1994).

## INSTRUCTION NO. 8
(Proof of Knowledge or Intent)

Evidence that an act was done or that an offense was committed by Defendant, John Boiteau, at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offense charged in Count of this indictment.

Evidence of similar act or offense may not be considered by the jury in determining whether Defendant, John Boiteau, actually performed the physical acts charged in this indictment. Nor may such evidence considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that Defendant, John Boiteau, physically did the act charged in Count of this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that Defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may a defendant be convicted of the crime charged even if you were to find that he committed other crimes-even crimes similar to the one charged in this indictment.

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in

the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine.

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment.

## INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

The testimony of a police officer is not entitled to any greater weight simply because he is a police officer. Bush v. United States, 375 F.2d 602 (D.C.Cir.1967).

A witness who is willfully false in one material part of his testimony is to be distrusted in others. You may reject the whole testimony of a witness who has wilfully testified falsely as to a material point.

## INSTRUCTION NO. 10
## DEFENDANT'S TESTIMONY

The law does not compel a defendant in a criminal case to take the witness stand and testify. The law never imposes upon a defendant in a criminal case the burden of duty of calling any witnesses or producing any evidence. In this case, like all criminal cases, the law places the burden of proving all elements of the alleged crime beyond a reasonable doubt on the Commonwealth. The defendant, as is his privilege, left the burden there and chose not to testify. You are not to infer anything by reason of the defendant not testifying. If you were to do so it would interfere with the presumption of innocence that this and all defendant's have.

## INSTRUCTION NO. 11
(Lesser Included Charge of Possession is charged)

Any person who either

a) in the special maritime or territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States or in the Indian Country as defined in section 1151 of this title, knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if

    i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

    ii) such visual depiction is of such conduct (shall be guilty of a crime).

**First Element – Possession**

The first element which the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a visual depiction.

A "visual depiction" includes any photograph, film, video, or picture, including underdeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the

13

depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that one or more person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The government must prove that defendant possessed the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.