```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )  CRIMINAL NO. 04-30054-MAP
     v.                     )
                            )
JOHN BOITEAU                )
                            )
          Defendant.        )
```

**GOVERNMENT'S CONSOLIDATED OPPOSITION TO MOTIONS
TO EXCLUDE EVIDENCE AND FOR A DAUBERT HEARING**

The United States submits this memorandum in opposition to the defendant's Motions in Limine and for a Daubert hearing.

**BACKGROUND**

The defendant is charged with receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). The charge arises from the defendant's purchase of two video tapes from a United States Postal Service undercover operation. On August 19, 2006, the government provided a summary of expert testimony it intends to offer at trial.[1] The summary stated that John Madama, an expert in digital photography, would testify that the images in the video tapes were of real children. The government also informed the defendant orally that it intends to introduce evidence of child pornography found in his home as direct evidence of intent.

---

[1] The defendant did not request discovery of expert witnesses under Fed. R. Crim. P. 16(G). However, the government provided a summary of the anticipated testimony in advance of trial.

The defendant has moved to exclude Madama's testimony on the ground that the government failed to adequately identify the "bases and reasons" for the expert's opinion.[2]  In a separate motion, the defendant has requested a <u>Daubert</u> hearing on the admissibility of the evidence.  Finally, the defendant has moved to exclude evidence of child pornography found at the defendant's home on the ground that it constitutes inadmissible character evidence.

**ARGUMENT**

**I.    EXPERT TESTIMONY IS NOT REQUIRED TO ESTABLISH THAT THE VIDEO TAPES CONTAIN IMAGES OF REAL CHILDREN**

Expert testimony is not required to establish that the video tapes show images of real children.  The courts of appeal in the Second, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits have explicitly held that the jury may determine whether images are of real children without expert testimony.  <u>See</u> <u>United States v. Irving</u>, 452 F.3d 110 (2nd Cir. 2006) (jurors can decide whether children depicted in child pornography video or movie are real without expert testimony); <u>United States v. Riccardi</u>, 405 F.3d 852 (10th Cir. 2005) (expert witness not necessary to establish that the pictures depict actual minors); <u>United States v. Farrelly</u>, 389 F.3d 649 (6th Cir. 2004) (jury can decide whether children depicted in images are real); <u>United States v.</u>

---

[2]The defendant moves in the alternative for a continuance in order to engage his own expert witness.

2

Slanina, 359 F.3d 56, 57 (5th Cir. 2004) (government not required to provide evidence in addition to the actual pictures to prove that images are of real children); United States v. Deaton, 328 F.3d 454 (8th Cir. 2003)(government not required to put forth affirmative evidence that images are not computer generated).

While the First Circuit at one point held that the government must present evidence in addition to the actual images to establish that the children were real, that opinion was subsequently withdrawn. United States v. Hilton, 363 F.3d 58, 63-66 (1st Cir. 2004), withdrawn by United States v. Hilton, 2004 App. LEXIS 19528 (1st Cir. Sept. 20, 2004). Justice Howard's concurrence in the initial Hilton decision noted that the majority's analysis was inconsistent with other cases on the subject and with the Supreme Court's rejection of the hypothesis that virtual images are indistinguishable from real ones. The First Circuit subsequently issued a new opinion omitting any language requiring additional evidence beyond the images themselves.[3]  Hilton, 386 F.3d 13 (1st Cir. 2004).

With the re-issuance of Hilton, "no circuit requires that expert evidence be introduced to prove the reality of children portrayed in pornographic images." Farrelly, 389 F.3d at 654. "The law in this circuit [is that] a trier of fact, without the assistance of an expert or other evidence, can discern between an

---

[3] The First Circuit declined to address the issue in the re-issued Hilton opinion.

actual and virtual image of child pornography." Hilton, 363 F.3d at 66 (J. Howard concurring); See United States v. Nolan, 818 F.2d 1015, 1017-19 (1st Cir. 1987). Indeed, the Supreme Court in 2002 rejected the notion that technology had reached the point of being able to create virtually indistinguishable images. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 254 (2002) (finding theory that technology had so advanced to be somewhat implausible, reasoning that if such technology existed, virtual images would drive real images from the child pornography market).

Given the findings of the Supreme Court, the opinions of every circuit court of appeals to address the issue, and the nature of the medium (video tapes),[4] the government is not required to produce expert testimony for the jury to conclude that the children depicted in the video tapes are real.

If the court agrees that the jury can determine whether the images are of real children without expert testimony, the government will not present expert testimony on the issue.

## II.    MADAMA'S TESTIMONY WAS SUFFICIENTLY DESCRIBED AND PASSES MUSTER UNDER RULE 702 AND DAUBERT

In the event the court determines that expert testimony is required, the government has provided sufficient disclosure of

---

[4] Postal Inspector Thomas Kochman will testify that the video-tapes predate 1990. Even if the video-tape had been produced more recently, video technology is not so far advanced that a jury could not determine on its own whether a real child was used to make the tape. Irving, 452 F.3d at 121.

4

John Madama's opinion and the opinion satisfies Rule 702 and Daubert.  The government provided the defendant with a narrative summary of Madama's opinion along with the forms he used to evaluate the images and a description of criteria he applied to reach his conclusions.  Such detailed disclosure sufficiently identifies the bases and reasons for Madama's opinion.

Madama has specialized knowledge in the area of digital photography that will assist the jury in deciding the case.  Rule 702 "makes clear that any [specialized] knowledge might become the subject of expert testimony."  Kumho Tire Co. v. Carmichael, 526 U.S. 137,147 (1999).  In Kumho Tire, the Supreme Court expanded the Court's gatekeeping role under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), to any kind of expert testimony, while simultaneously emphasizing that the factors enunciated in Daubert as potentially relevant to assessing scientific testimony, for example error rates and peer review, were neither exhaustive nor applicable to every case. "The factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Kumho Tire, 526 U.S. at 150.  This is especially true when a trial court is considering testimony based on specialized knowledge or experience.  See United States v. Hankey, 203 F.3d 1160 (9th Cir. 2000) (Daubert factors of peer review, publication error rate and others inapplicable to the kind of testimony based

5

on specialized knowledge, as opposed to science.); United States v. Frazier, 387 F.3d 1244 (11th Cir. 2004) (Daubert factors may simply be irrelevant for analysis of expert testimony).  The First Circuit has noted the same.  See Seahorse Marine v. Puerto Rico Sun Oil, 295 F.3d 68 (1st Cir. 2002) (finding that some expert testimony is not scientific and simply doesn't lend itself to the Daubert factors). See also, Ambrosini v. Labarraque, 101 F.3d 129 (D.C. Cir 1996) (courts should consider other indicia of reliability when the Daubert factors offer limited assistance).

Madama is an expert in digital imaging and has extensive experience in image analysis.  His education, skills and experience qualify him as an expert even though the classic Daubert factors are difficult to apply.  See Kumho Tire, 526 U.S. at 148 (experts of all kinds tie observations to conclusions through the use of general truths derived from specialized knowledge).  See also, Ambrosini, 101 F.3d at 135 (the dispositive question is whether the testimony will assist the trier of fact to understand the evidence or to determine a fact at issue - not whether the testimony satisfies the burden on the ultimate issue at trial).[5]

---

[5] Moreover, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" for the defendant to challenge Madama's opinion.  Daubert, 509 U.S. at 596 (internal case citations and parentheticals omitted).

### III. CHILD PORNOGRAPHY FOUND AT THE DEFENDANT'S HOME IS ADMISSIBLE AS EVIDENCE OF INTENT

Evidence of the child pornography found in the defendant's home is admissible because it is relevant to the defendant's knowledge and intent. Under Federal Rule of Evidence 402, "all relevant evidence is admissible." Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." Fed. R. Evid. 401. All relevant evidence should be admitted unless its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

In this case, the evidence of the defendant's large collection of child pornography[6] is admissible as direct evidence of the substantive crimes charged against him. At trial, the government must prove that the defendant knowingly received child pornography. The images of child pornography recovered from the defendant's home are directly relevant to his knowing receipt of the child pornography charged in the indictment. Where the evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated." United States v. McCann, 366 F.3d 46 , 54 (1st Cir. 2004) (reversed and remanded pursuant to Booker v. Washington, 543 U.S. 220 (2005)).

---

[6]The defendant stored hundreds of images of child pornography on his computers as well as in binders, folders and acrylic frames.

7

Moreover, the images are an essential piece of the overall story of the defendant's actions and are necessary to give the jury a complete picture of and context for the defendant's conduct. "Evidence of prior conduct is admissible to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." United States v. D'Alora, 585 F.2d 16, 20 (1st Cir. 1978).

Even if the images are not independently admissible as "part and parcel" of the charged offense, they nonetheless are admissible under Fed. R. Evid. 404(b). Rule 404(b) allows the introduction of other-act evidence for purposes of proving, among other things, knowledge, intent and absence of mistake. United States v. Tavares, 427 F. 3d 122, 125 (1st Cir. 2005). Here, the government seeks to introduce images of child pornography precisely for those purposes. The images were accessed by the defendant close in time to the date that he received the video tapes. Therefore, this evidence helps negate any claim by the defendant that he did not intend to receive child pornography.

When, as here, "the linked [evidence] occurs close in time, and is highly relevant, to the charged conduct, the argument for admissibility is powerful." United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989). Other courts have found the same in similar cases. See, e.g., United States v. Dornhofer, 859 F.2d 1195, 1199 (4th Cir. 1988) (upholding admission of child erotica in child pornography case as evidence of defendant's

8

predisposition towards child pornography and his lack of mistake); United States v. Caldwell, 181 F.3d 104, *7 (6th Cir. 1999) (unpublished) (evidence of child erotica in child pornography case admissible both as inextricably intertwined evidence, and in the alternative under 404(b)); United States v. Riccardi, 258 F. Supp. 2d 1212, 1234-35 (D. Kan. 2003)(finding admission of child erotica images appropriate in child pornography case because the images made it likely that the defendant knowingly possessed the charged child pornography).

Whether the images are admissible as evidence inextricably intertwined with the defendant's other conduct, or as evidence showing knowledge, intent and lack of mistake, the images are not so prejudicial as to require their exclusion under Federal Rule of Evidence 403. See United States v. Hopkins, 492 F.2d 1041, 1043 (1st Cir. 1974). That evidence helps the prosecution and hurts the defendant does not warrant exclusion. "By design, all evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." Rodriguez-Estrada, 877 F.2d at 156.

The defendant provides no support for a claim that the images would result in unfair prejudice to him. Indeed, given the nature of the images charged in the indictment, it is hard to imagine how other images of child pornography could be seen as prejudicial in this case. In addition, although the government found hundreds of sexual images of children at the defendant's home, it is seeking to physically introduce at trial only a small

fraction of those images.  Thus, the strong probative value outweighs the minimal prejudice, if any, caused by the introduction of this evidence.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court deny defendant's motions.

```
                                Respectfully submitted
                                For the United States

                                MICHAEL J. SULLIVAN
                                United States Attorney

                                By:/s/Karen L. Goodwin
                                KAREN L. GOODWIN
                                Assistant U.S. Attorney
                                1550 Main Street
                                Springfield, MA 01103
Dated: August 31, 2006          413-785-0235
```

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

```
                                /s/Karen L. Goodwin
                                _____
                                Karen L. Goodwin
                                 Assistant U.S. Attorney
```