UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            Plaintiff,   )<br>                          )<br>      v.                  )<br>                          )<br> JOHN BOITEAU, JR.         )<br>            Defendant.    ) | Criminal Action No.<br>04-30054-MAP |

### PRELIMINARY ORDER OF FORFEITURE

**PONSOR, D.J.**

   WHEREAS, on December 28, 2004, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging John Boiteau, Jr. (the "Defendant"), with Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count One);

   WHEREAS, the Indictment also sought forfeiture, pursuant to 18 U.S.C. § 2253(a), of any and all matter which contains visual depictions produced, transported, shipped or received in violation of 18 U.S.C. §§ 2252 and/or 2252A; any property constituting, or derived from any proceeds the Defendant obtained, directly or indirectly as a result of the said violations; and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violations, including the computers and related items that were seized by law enforcement officials from the Defendant's residence on October 20, 2004;

1

WHEREAS, on September 1, 2006, the Defendant pled guilty to Count One of the Indictment and at the hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant admitted that the following property was subject to forfeiture on the grounds that it was property used and intended to be used to commit the offenses charged in the Indictment: (1) one Dell Inspiron laptop Serial Number TW04e641128001b61106, (2) one Dell DHM Tower Serial Number F8M3321, (3) one Gateway MDW E4100 E Series Serial Number 003151099, and (4) miscellaneous electronic/computer equipment (the "Property");

WHEREAS, in light of the Defendant's admissions, the United States has established the requisite nexus between the Property and the offense to which the Defendant pled guilty, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. § 2253(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the facts set forth by the government in support of the Defendant's guilty plea and the Defendant's admissions at the plea hearing, that the government has established the requisite nexus between the

Property and the offense to which the Defendant pled guilty. Accordingly, all of the Defendant's interest in the Property is hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

2.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service (the "USMS") is hereby authorized to seize the Property and maintain it in its secure custody and control.

3.   Pursuant to 18 U.S.C. § 2253, the United States shall publish, at least once for three successive weeks in the Republican or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the Property pursuant hereto.

4.   Pursuant to 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

5.   Pursuant to 18 U.S.C. § 2253, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of

his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

6.   Pursuant to 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of such petitions, the United States of America shall have clear title to the Property.  At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Property.

7.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge

Date: 9.13.06

4