UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-30054-MAP |
| ) | October 25, 2006 |
| JOHN BOITEAU, ) | |
| Defendant ) | |

### MOTION TO CONTINUE SENTENCING HEARING AND MEMORANDUM OF LAW

Now comes the Defendant, John Boiteau in the above-entitled matter and respectfully moves pursuant to Federal Rule Criminal Procedure Rule 32(b), that this Court continue the Sentencing Hearing in this case now scheduled for December 1, 2006, for ninety (90) days, to another date convenient with the Court after March 1, 2007.

By way of background and as further reasons in support of this Motion the Defendant states the following:

1.  On September 1, 2006 after the Rule 11 Hearing, this Court ordered that a Sentencing Hearing in this case be scheduled for December 1, 2006.

2.  Mr. Boiteau has been the sole caretaker for his elderly, 87 year old mother at the family home in Springfield Massachusetts for many years.

3.  As a result of this case Mr. Boiteau has been making arrangements for the future care of his mother, as she could not subsist on her own without assistance. His mother suffers from diabetes, glaucoma which renders her almost blind and hip-leg problems, all which requires daily assistance and medications.

1

4. Mr. Boiteau has made tentative arrangements to house his mother at an assisted living facility in Springfield, but will not have a definitive answer of her acceptance until on or about mid November 2006. Once accepted Mr. Boiteau will be required to make arrangements to sell the family home in order to have the funds available to pay for assisted living, and move his mother into her new assisted living quarters. In addition, after addressing his mother's housing situation, arrangements must be made for medical assistance for her daily medications.

5. This will all require additional time and could not be completed under the present scheduling order, even after taking into consideration the usual thirty (30) days a defendant is allowed in order to self-report to the Bureau of Prisons.

6. Mr. Boiteau has been diligent in his efforts to make arrangements for his mother and this request is not made for the purpose of delay.

7. Because of the complexity of the situation and the fact that there are no other family members available or willing to take on this responsibility, the burden is shouldered completely by Mr. Boiteau, doing the best in can under very trying circumstances in light of his own legal problems

8. Accordingly, the defendant requests a continuance to a date after March 1, 2007 to allow him to properly prepare to put his affairs, or more specifically his elderly mother's affairs in order prior to sentencing.

9. The defendant is released pending sentencing and has been released during the pendency of this case and has complied at all times with the terms of his release imposed by this Court.

10. The United States Attorney's Office, having been informed of this request, has indicated that they do not object thereto;

11. The United States Probation Office, having been informed of this request, has indicated that they do not object thereto;

12. This is the Defendant's first request for a continuance of the Sentencing Hearing and the Government will not be prejudiced by a short delay.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE

Courts have inherent power to grant continuances in the furtherance of justice. A motion for a continuance of the sentencing hearing is addressed to the Court's discretion. If the motion to continue is sufficient in all respects, and the application is made not for the purposes of a delay, it is an abuse of discretion to deny the motion. The Court may not refuse a continuance that is properly requested, where the ends of justice clearly require it to be granted.

The District Court is accorded broad discretion to grant or deny continuances, and only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay will abuse it. United States v. Rodriguez-Marrero, 390 F.3d 1, 21-22 (1st Cir. 2004). The First Circuit will look to several factors, including "the delay entailed, the reasons for the request, whether the moving party is at fault, any inconvenience to the court and litigants, and whether the denial of a continuance unfairly would prejudice the moving party." Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 63 (1st Cir. 2003). The Court may look at prior delays and their reasons, the hardship to the

3

nonmovant, and the good faith of the movant. Here the request is made in good faith and not for the purpose of unreasonable delay.

Here the delay in the Sentencing Hearing is reasonable in light of the seriousness of situation with Mr. Boiteau's mother's housing problems; Mr. Boiteau's diligence in preparing his mother's affairs prior to the date set for hearing; and Mr. Boiteau's purpose is not intended to unreasonably or purposely delay the Sentencing Hearing.

For the above stated reasons the defendant requests this court allows his Motion to Continue.

> RESPECTFULLY SUBMITTED
> THE DEFENDANT, JOHN BOITEAU

October 26, 2006

By _____
Bernard T. O'Connor, Jr.
O'CONNOR, MARTINELLI CULLINAN & PIKULA
1391 Main Street - Suite 1022
Springfield, MA 01103
(413) 781-5311
BBO# 557872

### CERTIFICATE OF SERVICE

I, Attorney Bernard T. O'Connor, Jr., do hereby certify on this 26th day of October, 2006, I made service of the foregoing Motion to Continue by delivering, in hand, a copy of same to AUSA Karen Goodwin, United States Attorney's Office, and Richard Rinaldi, United States Probation Department, at the Federal Building and Courthouse, 1550 Main Street, Springfield, MA.

_____
BERNARD T. O'CONNOR, JR.

4