UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.  04-CR-30054-MAP

UNITED STATES OF AMERICA           )
                                   )
v.                                 )
                                   )
JOHN BOITEAU,                      )
Defendant                          )

## DEFENDANT'S MOTION TO FILE OBJECTIONS
## TO THE PRESENTENCE REPORT LATE

Now comes the Defendant, John Boiteau, through counsel and respectfully requests that the Court accept the following objections to the Probation Department's Pre-sentence Report, ("PSR") late, and beyond the period of time allotted by the Federal Rules of Criminal Procedure Rule 32.  As reasons therefore, the Defendant submits that although these objections are submitted late, it is not for the purpose of delay but rather because counsel has, this day, through additional research found a basis for objecting to parts of the PSR.

### I.    OFFENSE LEVEL COMPUTATION

1.    (Page 5).

The defendant objects to that part of the PSR using *U.S.S.G. § 2G2.2* for receipt of child pornography instead of *§ 2G2.4* for possession of child pornography. *Section 2G2.4* provides for lighter sentencing for mere possession of child pornography: base level of 15 for "Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct."  In contrast, *§ 2G2.2* provides for more severe sentencing for trafficking in such pornography. *Section 2G2.2* provides a base level of 17.

The obvious intent of the Guidelines is to punish less severely for possession than for trafficking. The activity, for which Mr. Boiteau was convicted, including any relevant conduct, obviously partakes of the less culpable characteristics of possession

1

than of the more culpable characteristics of trafficking. Every possession necessarily involves a receipt (apart from the even more culpable possibility of having created the pornography). Beyond the receipt inherent in every possession, there is no evidence of trafficking activity warranting a more severe sentence.

Mr. Boiteau was an end user, and there is no indication that he ever trafficked, transported, shipped, or advertised such material. There is no evidence of trafficking beyond the receipt that is inherent every time there is evidence of less culpable "possession." The first step in ascertaining the applicable guideline is to "refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction." *U.S.S.G. § 1B1.2(a)*. The Statutory Index directs a sentencing court to both *§ § 2G2.2* and *2G2.4* when a defendant has been convicted of *18 U.S.C. § 2252A*. U.S.S.G. Appendix A. Appendix A moreover specifies that "if more than one guideline section is referenced for the particular statute, the district court should use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." Intro., U.S.S.G. Appendix A. In the context of this case, where the evidence of "receipt" would in every case amount as well to possession, the "most appropriate" guideline for the offense conduct is *§ 2G2.4* (possession).

*Section 2G2.2* is targeted at traffickers of child pornography and not the mere end user. Furthermore, it is hard to imagine when *§ 2G2.4* would apply if possession by receipt is appropriately considered under *§ 2G2.2*. If a possessor of child pornography did not receive it, the remaining inference is that the possessor created it. The production of such materials, of course, is its own crime and carries stiffer penalties than trafficking, under *18 U.S.C. § § 2251, 2260 and U.S.S.G. § 2G2.1* (base offense level of 27).

Mr. Boiteau, as a mere end user of the material, should be sentenced using the guideline for traffickers of child pornography. Accordingly Paragraph (21) should read U.S.S.G § 2G2.4 with a corresponding base offense level of 15 and paragraphs (28) and (30) changed to reflect same.

2

RESPECTFULLY SUBMITTED,
THE DEFENDANT, JOHN BOITEAU

Dated: 11/29/06        By:

BERNARD T. O'CONNOR, JR.
His Attorney
BBO No. 557879
1391 Main Street - Suite 1022
Springfield, MA 01103-1610
(413) 781-5311

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED UPON
(EACH PARTY APPEARING PRO SE AND)
THE ATTORNEY OF RECORD FOR EACH
OTHER PARTY BY MAIL/BY HAND ON
11/29/06

Signature

3