FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2006 NOV 30  P 12: 55

U.S. DIS... C... 
F...

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-CR-30054-MAP |
| ) | |
| JOHN BOITEAU, ) | |
| Defendant ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, John Boiteau, through counsel, submits this memorandum, setting forth the reasons the Court should depart downward in sentencing Mr. Boiteau in this case.

### Relevant Personal Background

Mr. Boiteau is a 60 year old man currently residing with and caring for his elderly mother, for which he has been her primary caretaker since his father's death in 1982. He is a retired federal civil servant having worked with the Department of Veteran Affairs after receiving an honorable discharge from the United States Air Force in 1969. Since his retirement Mr. Boiteau's life has been almost exclusively dedicated to the care and well being of his mother, who suffers from a number of medical problems, including loss of sight and diabetes.(see Letter of Dorothy Boiteau attached as exhibit "A"). Mr. Boiteau has always been characterized by his caring and dedicated relationship to his mother and to his friends. In addition, in what little time Mr. Boiteau has left for himself

1

after the care of his mother, he has dedicated that time as a volunteer at Baystate Medical Center. (See attached letters marked exhibit "B").

As a result of the present charge Mr. Boiteau sought mental health counseling and treatment. Mr. Boiteau first sought treatment and evaluation from William Hobson, M.S. Mr. Hobson's CATSO report (attached and marked exhibit "C") states Mr. Boiteau does not appear to pose a physical danger or threat to others and that he could be treated safely in the community without posing undue risk to others. Hobson report also concludes there is little likelihood of recidivism. Mr. Hobson recommended further treatment with Dr. David Greenfield, Ph.D., L.MFT.

As indicated in his report, (attached and marked exhibit "D"), Dr. Greenfield stated that Mr. Boiteau has participated in his treatment in a motivated and consistent fashion. He has taken Dr. Greenfield's suggestions and prescriptions very aggressively and has utilized the therapy to his benefit. In addition Dr. Greenfield has found that Mr. Boiteau takes full responsibility for his behavior, and that through therapy has developed sufficient insight and understanding into his behavior that he is not likely to repeat such behavior at this time.

Although, Dr. Greenfield concludes that Mr. Boiteau's history of social isolation, social anxiety, avoidance social behavior, together with the ease of access, convenience, and anonymity of access to Internet information that he might not otherwise seek if not so easily accessible, makes him a prime candidate for the use of the Internet for sexual or pornographic viewing, he concludes Mr. Boiteau does not display any signs or symptoms of pedophilic sexual acting out behavior and does not display the signs and symptoms that are consistent with a pedophilic arousal pattern.

Dr. Greenfield does not see Mr. Boiteau as an acute danger to children or as posing an imminent risk to society.

Mr. Boiteau has demonstrated a genuine remorse and contrition, and a willingness to take responsibility for his criminal conduct. Mr. Boiteau has remained off the Internet and, but for these charges, he has been and remains a law abiding citizen. There is little likelihood that there will be a repetition of the conduct involved in this case. His personal history would not indicate a continuing commitment or propensity for a criminal way of life.

Argument

I. **SENTENCING UNDER 18 USC § 2252 (b)(1) SIGNIFICANTLY OVER- REPRESENTS THE SERIOUSNESS OF DEFENDANT'S CRIMINAL ACTIVITY**

The defendant objects to sentencing under that part of *18 USC § 2252 (b)(1)* for receipt of child pornography instead of *18 USC § 2252 (b)(2)* for possession of child pornography. *18 USC § 2252 (b)(2)* provides for lighter sentencing for mere possession of child pornography - "not more than ten years" for possession of materials depicting a minor engaged in sexually explicit conduct. In contrast, *18 USC § 2252 (b)(1)* provides for more severe sentencing for trafficking in such pornography. *18 USC § 2252 (b)(1)* provides a minimum sentence of 5 years and up to 20 years.

The obvious intent of the statute is to punish less severely for possession than for trafficking. The activity, for which Mr. Boiteau has plead guilty, including any relevant conduct, obviously contains the less culpable characteristics of possession than of the more culpable characteristics of trafficking. Every possession necessarily involves a

receipt, other than having created the pornography. Beyond the receipt inherent in every possession, there is no evidence of trafficking or distribution activity warranting a more severe sentence.

Mr. Boiteau was an end user, and there is no indication that he ever distributed, trafficked, transported, shipped, or advertised such material. There is no evidence of trafficking beyond the receipt that is inherent every time there is evidence of less culpable "possession." The District Court should use the part of the statute most appropriate for the offense conduct charged in the count of which the defendant was convicted. In the context of this case, where the evidence of "receipt" would in every case amount as well to possession, the "most appropriate" guideline for the offense conduct is *18 USC § 2252 (b)(2)* (possession).

*18 USC § 2252 (b)(1)* is targeted at traffickers and distributors of child pornography and not the mere end user. Furthermore, it is hard to imagine when *18 USC § 2252 (b)(2)* would apply if possession by receipt is appropriately considered under *18 USC § 2252 (b)(2)*. If a possessor of child pornography did not receive it, the remaining inference is that the possessor created it. The production of such materials, of course, is its own crime and carries stiffer penalties than trafficking, under *18 U.S.C. § § 2251, 2260.* Mr. Boiteau, as a mere end user of the material, should not be sentenced using the statute for traffickers and distributors of child pornography.

II.  **THE DEFENDANT'S BEHAVIOR IN THIS CASE SHOULD BE CONSIDERED ABERRANT**

Based upon the totality of circumstances this Court should depart downward

4

based upon aberrant behavior. *U.S.S.G. Section 5K2.0.* Some of the factors the courts have considered to determine whether to depart based upon these grounds consist of when the defendant was a first time offender and the crime was a spontaneous and thoughtless act. *United States v. Withrow 85 F3d 527 (11th Cir. 1996).* Further the courts review factors such as pecuniary gain and efforts to mitigate the crime. *United States v. Grandmaison, (1st. Cir. 1996).*

In this case Mr. Boiteau has no significant prior criminal record. The crime in which Mr. Boiteau has plead guilty and which take place in front of a computer, are spontaneous and thoughtless by nature. The defendant received no pecuniary gain from this activity. Further, there is no indication that any type of planning ever occurred in this case to indicate that Mr. Boiteau ever planned to carry his activities further than his own home.

### III. THERE EXISTS CIRCUMSTANCES OF EXTRORDINARY ACCEPTANCE OF RESPONSIBILITY

The courts have the authority to depart downward where circumstances demonstrate a degree of acceptance of responsibility that is in excess of that ordinarily present. *United States v. Lieberman, 971 F2d 989 (3rd. Cir. (l992).* Mr. Boiteau immediately began cooperating with law enforcement agents when they entered his home. Mr. Boiteau sat down with them and explained to them where everything was on his computer and also explained other factors associated with this case, including giving a written statement regarding his activities and answering all questions put to him. There has never been a time in this case where Mr. Boiteau has been less than candid and open with the authorities.

In addition he immediately sought mental health treatment and counseling as outlined above, of his own volition and at his own expense. He continues to date to treat with Dr. Greenfield, again at his own expense.

### IV. THERE EXISTS IN THE DEFENDANT A VULNERABILITY AND SUSCEPTIBILITY TO ABUSE WHILE IN PRISON THAT SHOULD RESULT IN A DOWNWARD DEPARTURE

Although Mr. Boiteau is in relatively good health and although he recognizes the fact that because child pornographers may be targeted in prison alone is not enough to warrant a departure for vulnerability, this in combination with the other factors in this case warrant this type of departure in this case. Mr. Boiteau with the exception of an O.U.I. arrest in 1987 has never ever been in trouble with the law before. He is very gentle and meek according to his own family members and friends. These qualities combined with the fact that child pornographers are often targeted lead to a potentially dangerous situation for the defendant.

### V. CONCLUSION

#### Disposition Request

Mr. Boiteau is well aware of the seriousness of the offense and of the responsibility of the court to impose an appropriate sentence. Mr. Boiteau is accused of a serious offense. It would be easy, for the court to focus on accountability and punishment and simply lock Mr. Boiteau up in prison, forgetting about him for five (5) years and isolating him from the rest of the society. Mr. Boiteau requests you do not do that.

There are certain variables and mitigating circumstances which require a different approach, an approach which will balance the rehabilitate of interests of Mr.

Boiteau (which are already underway through counseling with Dr. Greenfield and volunteer work with Baystate Medical Center), with the societal concerns of punishment, deterrence, cost and safety. Mr. Boiteau's behavior is manageable. He has been released during the pendency of this matter (since October 2004) and there have been no reported problems. The combination of factors that warrants departure here include the fact of no significant prior criminal record, the fact that this appears to be aberrant behavior; and difficult family circumstances, all of which warrant the Court's consideration. *Koon v. United States*, 115 S.Ct. 2035 (1996). (District Court has broad authority to depart downward on any ground with the exception of forbidden ground); *United States v. Rivera*, 994 F.2d 942, 947 (1st Cir. 1993).

For all of the foregoing reasons, Mr. Boiteau requests that the Court impose a sentence under *18 USC § 2252 (b)(2)*, and depart downward from the sentencing guidelines recommendation and impose a sentence of 10-16 months with suitable conditions to ensure that Mr. Boiteau appropriate mental health treatment and counseling.

RESPECTFULLY SUBMITTED,
THE DEFENDANT

Dated: 11/30/06

By: [signature]
BERNARD T. O'CONNOR, JR.
His Attorney
BBO No. 557879
1391 Main Street - Suite 1022
Springfield, MA 01103-1610
(413) 781-5311

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL / BY HAND ON
11-30-06
[signature]
Signature

7

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S NOTICE

The image of this document is not viewable because it is either SEALED or filed EX PARTE.