UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2007 JAN 12 P 12: 40

U.S. DISTR...

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-30054-MAP |
| ) | January 11, 2007 |
| JOHN BOITEAU, ) | |
| Defendant ) | |

## MOTION TO EXTEND TIME TO SELF-REPORT TO THE BUREAU OF PRISONS

Now comes the Defendant, John Boiteau in the above-entitled matter and respectfully moves pursuant to Federal Rule Criminal Procedure Rule 32(b), that this Court grant relief from its Order of December 1, 2006 extend time for the Defendant to self report to the Bureau of Prisons, now scheduled for February 2, 2007, for thirty (30) days, to another date convenient with the Court on or after March 4, 2007.

By way of background and as further reasons in support of this Motion the Defendant states the following:

1.  On December 1, 2006 the Court ordered the defendant to self report to the Bureau of Prisons on February 2, 2007;

2.  As the Court is aware Mr. Boiteau has been the sole caretaker for his elderly, 87 year old mother at the family home in Springfield Massachusetts for many years;

3.  As a result of this case Mr. Boiteau has been making arrangements for the future care of his mother, as she could not subsist on her own without assistance. His mother suffers from diabetes, glaucoma which renders her almost blind and hip-leg problems, all which requires daily assistance and medications.

4.  In light of the February 2, 2007 reporting date, Mr. Boiteau has made arrangements

1

and moved his mother to an assisted living facility in Springfield in mid December, 2006. Since that date his mother's medical condition has deteriorated significantly since her move to the assisted living facility, including:

    a.    On December 30, 2006 defendant's mother was transferred from her assisted living facility to Chapin Rehabilitation Center for treatment of extreme back pain.

    b.    On January 3, 2007 Defendant's mother was diagnosed as suffering from a compression fracture in her spine and continued treatment at Chapin Rehabilitation Center.

    c.    On January 5, 2007 Defendant's mother was rushed to Baystate Medical Center Emergency Room for treatment of a diabetic condition and released later that date.

    d.    On January 6, 2007, Defendant's mother was again was rushed to Baystate Medical Center for treatment of her diabetic condition, and she was admitted to the hospital that date, where she is currently undergoing treatment for her diabetes, heart abnormalities, and an infection. In addition she continues to suffer extreme back pain. Subsequent testing indicated a potential liver problem. In addition the Defendant has found his mother to be acting confused and disoriented.

5.    Mr. Boiteau has been diligent in his efforts to make arrangements for his mother, but because of the complexity of the situation and the fact that there are no other family members available or willing to take on this responsibility, the burden of his mother's recent medical problems is shouldered completely by Mr. Boiteau, who is doing the best in can under very trying circumstances in light of his own legal problems.

6.    Accordingly, the defendant requests an extension of time in which to report to the Bureau of Prisons to a date after March4, 2007 to allow him to properly prepare to put his mother's recent emergency medical affairs in order prior to reporting and this request is not made for the purpose of delay.

7.   The defendant has complied at all times with the terms of his release imposed by this Court.

8.   The United States Attorney's Office, having been informed of this request, has indicated that they do not object thereto;

9.   The United States Marshall's Office, having been informed of this request, has indicated that they do not object thereto;

10.  The Government will not be prejudiced by a short delay.

As further reasons the defendant states Courts have inherent power to grant continuances in the furtherance of justice. A motion for a continuance of the sentencing date is addressed to the Court's discretion. If the motion to continue is sufficient in all respects, and the application is made not for the purposes of a delay, it is an abuse of discretion to deny the motion. The Court should not refuse a continuance that is properly requested, where the ends of justice clearly require it to be granted.

The District Court is accorded broad discretion to grant or deny continuances, and only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay will abuse it. United States v. Rodriguez-Marrero, 390 F.3d 1, 21-22 (1st Cir. 2004). The First Circuit will look to several factors, including "the delay entailed, the reasons for the request, whether the moving party is at fault, any inconvenience to the court and litigants, and whether the denial of a continuance unfairly would prejudice the moving party." Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 63 (1st Cir. 2003). The Court may look at prior delays and their reasons, the hardship to the nonmovant, and the good faith of the movant. Here the request is made in good faith and not for the purpose of unreasonable delay.

Here the delay in the reporting date for 30 days is reasonable in light of the

3

seriousness of situation with Mr. Boiteau's mother's recent unexpected health problems; Mr. Boiteau's diligence in preparing his mother's affairs prior to the date set for reporting; and Mr. Boiteau's purpose is not intended to unreasonably or purposely delay the reporting date.

    For the above stated reasons the defendant requests this court allows his Motion to Extend the Time to Self-Report to the Bureau of Prisons.

                             RESPECTFULLY SUBMITTED
                             THE DEFENDANT, JOHN BOITEAU

1/11/07

               By   /s/ Bernard T. O'Connor, Jr.
                    Bernard T. O'Connor, Jr.
                    O'CONNOR, MARTINELLI CULLINAN & PIKULA
                    1391 Main Street - Suite 1022
                    Springfield, MA 01103
                    (413) 781-5311
                    BBO# 557872

## CERTIFICATE OF SERVICE

    I, Attorney Bernard T. O'Connor, Jr., do hereby certify on this 12th day of January, 2007, I made service of the foregoing Motion by delivering, in hand, a copy of same to AUSA Karen Goodwin, United States Attorney's Office, and United States Marshall's Department, at the Federal Building and Courthouse, 1550 Main Street, Springfield, MA.

                                          /s/ Bernard T. O'Connor, Jr.
                                          BERNARD T. O'CONNOR, JR.

4