UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-30054-MAP |
| ) | February 9, 2007 |
| JOHN BOITEAU, ) | |
| Defendant ) | |

**MOTION TO EXTEND TIME TO SELF-REPORT TO THE BUREAU OF PRISONS**

Now comes the Defendant, John Boiteau in the above-entitled matter and respectfully moves pursuant to Federal Rule Criminal Procedure Rule 32(b), that this Court grant relief from its amended Order dated January 16, 2007, and extend the time for the Defendant to self report to the Bureau of Prisons, now scheduled for March 4, 2007, for an additional thirty (30) days, to April 3, 2007.

By way of background and as further reasons in support of this Motion the Defendant states the following:

1.     On December 1, 2006 the Court ordered the defendant to self report to the Bureau of Prisons on February 2, 2007. On January 16, 2007 this Court extended the time in which Mr. Boiteau had to report to March 3, 2007, after Mr. Boiteau requested additional time to care for his sick mother. At that time Mr. Boiteau thought a thirty day request for an extension would be sufficient time to help his mother get out of the hospital and into her new assisted living arrangement;

2.     As the Court is aware Mr. Boiteau has been the sole caretaker for his elderly, 87

1

year old mother at the family home in Springfield Massachusetts for many years;

3.  As a result of this case Mr. Boiteau has been making arrangements for the future care of his mother, as she could not subsist on her own without assistance. His mother suffers from diabetes, glaucoma which renders her almost blind and hip-leg problems, all which requires daily assistance and medications. Mr. Boiteau has made arrangements and moved his mother to an assisted living facility in Springfield in mid December, 2006.

4.  Shortly after the move to assisted living Mr. Boiteau's mother was hospitalized for a number of medical problems. Since January 16, 2007 Mr. Boiteau's mother's medical condition remains poor and she continues to suffer from a number of maladies as outlined in Defendant's previous motion including extreme back pain; compression fracture in her spine; diabetes; heart abnormalities; infection; and a liver problem. As such she is currently in a rehabilitation facility and has not yet returned to her assisted living apartment.

5.  Mr. Boiteau has been diligent in his efforts to make arrangements for his mother, but because of the complexity of the situation and the fact that there are no other family member available or willing to take on this responsibility, the burden of his mother's recent medical problems and new living arrangements is shouldered completely by Mr. Boiteau.

6.  Accordingly, the defendant requests an additional extension of time for thirty (30) days in which to report to the Bureau of Prisons, to a date on or after April 3, 2007, to allow him to continue to properly prepare to put his mother's recent emergency medical affairs in order prior to reporting.

7.  This request is not made for the purpose of undue delay.

8.  The defendant has complied at all times with the terms of his release imposed by

this Court and will continue to abide by those conditions.

9.   The Government will not be prejudiced by a short delay.

As further reasons the defendant states Courts have inherent power to grant continuances in the furtherance of justice. A motion for a continuance of the sentencing date is addressed to the Court's discretion. If the motion to continue is sufficient in all respects, and the application is made not for the purposes of a delay, it is an abuse of discretion to deny the motion. The Court should not refuse a continuance that is properly requested, where the ends of justice clearly require it to be granted.

The District Court is accorded broad discretion to grant or deny continuances, and only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay will abuse it. United States v. Rodriguez-Marrero, 390 F.3d 1, 21-22 (1st Cir. 2004). The First Circuit will look to several factors, including "the delay entailed, the reasons for the request, whether the moving party is at fault, any inconvenience to the court and litigants, and whether the denial of a continuance unfairly would prejudice the moving party." Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 63 (1st Cir. 2003). The Court may look at prior delays and their reasons, the hardship to the nonmovant, and the good faith of the movant. Here the request is made in good faith and not for the purpose of unreasonable delay.

Here the delay in the reporting date for 30 days is reasonable in light of the seriousness of situation with Mr. Boiteau's mother's recent unexpected health problems; Mr. Boiteau's diligence in preparing his mother's affairs prior to the date set for reporting; and Mr. Boiteau's purpose is not intended to unreasonably or purposely delay the reporting

3

date.

For the above stated reasons the defendant requests this court allows his Motion to Extend the Time to Self-Report to the Bureau of Prisons.

                                           RESPECTFULLY SUBMITTED
                                           THE DEFENDANT, JOHN BOITEAU

2/9/07

                         By _____
                             Bernard T. O'Connor, Jr.
                             O'CONNOR, MARTINELLI CULLINAN & PIKULA
                             1391 Main Street - Suite 1022
                             Springfield, MA 01103
                             (413) 781-5311
                             BBO# 557872

## CERTIFICATE OF SERVICE

I, Attorney Bernard T. O'Connor, Jr., do hereby certify on this 9th day of Feb, 2007, I made service of the foregoing Motion by delivering, by U.S. Mail, first-class postage prepaid, a copy of same to AUSA Karen Goodwin, United States Attorney's Office, and United States Marshall's Department, at the Federal Building and Courthouse, 1550 Main Street, Springfield, MA.

                                           _____
                                           BERNARD T. O'CONNOR, JR.