UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 04-30054-MAP
) March 21, 2007
JOHN BOITEAU, )
Defendant )

## EMERGENCY MOTION TO EXTEND TIME TO SELF-REPORT
## TO THE BUREAU OF PRISONS-FCI AT ELKTON

Now comes the Defendant, John Boiteau in the above-entitled matter and

respectfully moves pursuant to Federal Rule Criminal Procedure Rule 32(b), that this Court

grant relief from its amended Orders dated January 16, 2007, February 22, 2007, and

March 26, 2007, and extend the time for the Defendant to self report to the Bureau of

Prisons, now scheduled for June 3, 2007, for an additional 30 days, to on or about July 3,

2007.

By way of background and as further reasons in support of this Motion the Defendant

states the following:

1.    On December 1, 2006 the Court ordered the defendant to self report to the Bureau

of Prisons on February 2, 2007.

2.    On January 16, 2007, February 22, 2007 and  March 26, 2007, this Court extended

the time in which Mr. Boiteau had to report to June 3, 2007 so he could care for his sick and

elderly mother. Mr. Boiteau now requests additional time for those reasons as stated in the

letter to undersigned counsel dated May 21, 2007 and attached as Exhibit A.

3.    As the Court is aware Mr. Boiteau had been the sole caretaker for his elderly, 87

1

year old mother at the family home in Springfield Massachusetts for many years as his mother suffered from a number of serious medical conditions, including extreme back pain; compression fracture in her spine; diabetes; heart abnormalities; infection; and a liver problem.

4.    On May 13, 2007 Mr. Boiteau's mother fell and sustained a hip fracture. She underwent emergency surgery on May 14, 2007 from which she did not survive.  Mrs. Boiteau passed away that date. Services were held on May 19, 2007.

5.    Mr. Boiteau has been named executor of his mother's estate and has been and continues to put his mother's affairs in order before he reports to Elkton.   Although he has been diligent in his efforts to make arrangements for his mother's estate, t because of the complexity of the situation and the fact that there are no other family members available or willing to take on this responsibility, the burden falls on Mr. Boiteau.

6.    Accordingly, Mr. Boiteau requests an additional extension of time for thirty  (30) days in which to report to the Bureau of Prisons, to a date on or about July 3, 2007, to allow him to continue to put his mother's affairs in order prior to reporting.

7.    This request is not made for the purpose of undue delay and the Government will not be prejudiced by a short delay.

8.    The defendant has complied at all times with the terms of his release imposed by this Court and will continue to abide by those conditions.

As further reasons the defendant states Courts have inherent power to grant continuances in the furtherance of justice.  A motion for a continuance of the sentencing date is addressed to the Court's discretion.  If the motion to continue is sufficient in all respects, and the application is made not for the purposes of a delay, it is an abuse of

2

discretion to deny the motion.  The Court should not refuse a continuance that is properly requested, where the ends of justice clearly require it to be granted.

The District Court is accorded broad discretion to grant or deny continuances, and only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay will abuse it. United States v. Rodriquez-Marrero, 390 F.3d 1, 21-22 (1st Cir. 2004). The First Circuit will look to several factors, including "the delay entailed, the reasons for the request, whether the moving party is at fault, any inconvenience to the court and litigants, and whether the denial of a continuance unfairly would prejudice the moving party." Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 63 (1st Cir. 2003).  The Court may look at prior delays and their reasons, the hardship to the nonmovant, and the good faith of the movant. Here the request is made in good faith and not for the purpose of unreasonable delay.

Here the delay in the reporting date for 30 days is reasonable in light of the situation with Mr. Boiteau's mother's recent passing; Mr. Boiteau's diligence in preparing his mother's affairs prior to the date set for reporting; and Mr. Boiteau's purpose is not intended to unreasonably or purposely delay the reporting date.

For the above stated reasons the defendant requests this court allows his Motion to Extend the Time to Self-Report to the Bureau of Prisons.

5/29/2007

RESPECTFULLY SUBMITTED
THE DEFENDANT, JOHN BOITEAU

By     _____
Bernard T. O'Connor, Jr.
O'CONNOR, MARTINELLI CULLINAN & PIKULA
1391 Main Street - Suite 1022
Springfield, MA 01103

3

(413) 781-5311
BBO# 557872

CERTIFICATE OF SERVICE

    I, Attorney Bernard T. O'Connor, Jr., do hereby certify on this May 29 2007, I made service of the foregoing Motion by delivering, in hand , a copy of same to AUSA Karen Goodwin, U. S. Attorney's Office, and the United States Marshall's Department, at the Federal Building and Courthouse, 1550 Main Street, Springfield, MA.

BERNARD T. O'CONNOR JR.

*EXHIBIT A*

5

May 21, 2007

Ben,

First, I would like to thank you informally for your kind expression of sympathy upon my mother's death. It was very kind of you.

Again I would like to summarize what last transpired with my mother leading up to her death.

I continued to visit her at the nursing home twice, then once a day.  Upon her return there after being hospitalized for congestive heart failure, they placed her in a room on the wing for long-term residents.  After she finished rehabilitation, her Medicare entitlement was exhausted, but they still kept her, as at the time she had no other place to go.  All she was able to do was lay in bed, or sit in her wheelchair, except for when I was there, and was able to help her with eating (she was at this point probably legally blind) and exercising by walking with her walker.

We finally employed an elder care case manager, who arranged her return to Grayson House for a 12-hour trial on April 25, and then was finally discharged to Grayson House on May 10, with 24-hour care 7 days a week to start.  She fell on the evening of May 13 (Mother's Day), sustaining a left hip fracture.  As you know, she died on May 15.  Services were on Saturday, May 19.

I was named executor of the estate in her will, with a good friend as successor executor and power of attorney.  I had been planning to leave for Elkton on the 30th of May, but now would like to ask for a 2-week extension of my reporting date, as I mourn my mother's death, make initial arrangements as executor, and provide as much information as I can to my successor.

As before, I feel that I may be again imposing upon His Honor Judge Ponsor's kindness and compassion, which I so greatly appreciate in allowing my mother to finally find peace, but I feel an obligation to complete as much of her wishes as possible before I go to prison.

I would therefore be most appreciative if you would file a motion for an extension in my behalf, as you so kindly did in the past.

Yours truly,

John Boiteau Jr.